**STATE, Plaintiff-Appellee, v. MARTIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24763.   Decided May 7, 1959.

Walter C. Kelly, Jr., Director of Law, Shaker Heights, Paul R. Donaldson, for plaintiff-appellee.

Howard S. Stern, for defendant-appellant.

(DOYLE, PJ, STEVENS and HUNSICKER, JJ of the Ninth District, sitting by designation in the Eighth District.)

**OPINION**

By DOYLE, PJ.

The appellant, Elva Martin, was charged on November 12, 1958, by affidavit in the Shaker Heights Municipal Court, with violating §2905.27 R. C., by engaging in "prostitution, lewdness or assignation."   On the same day a warrant was issued upon the affidavit and she was brought before the Court.

The bill of exceptions shows that the affidavit was read to her; she was asked if "she understood the charge and the nature of the offense": she replied that she did. The Court then read to her and explained the statutory penalty for the offense with which she was charged. Upon inquiry, the defendant replied that she understood the penalty. The Judge and the prosecuting attorney then instructed the accused that it was her right to be represented by counsel and that counsel would be furnished by the Court if she was unable, financially or otherwise, to secure counsel by herself. "Defendant replied that she did not wish to be represented by counsel and that she wished to proceed without counsel." The Court and the prosecutor then informed the defendant of her legal right to a trial by jury. She replied, by waiving the right.

The record before this Court continues by showing the following: "Defendant was asked . . . by the court how she wished to plead and . . . . the defendant said that she plead guilty to the offense as charged and as set forth in the said affidavit. Defendant's plea was accepted by the Court and the defendant was referred to the Probation Officer and released, pending the probation report."

On the 2nd day of December, 1958, further proceedings in the case were had, and in these the defendant was represented by counsel. The report of the department of probation was presented, following which the Court entered an order finding the defendant guilty pursuant to her plea in a former proceeding. No effort was made at this time to withdraw the plea of guilty and the Court thereupon sentenced the defendant to nine months in the County jail and suspended all of the time excepting sixty days. The suspended part of the sentence was made contingent upon the defendant either remaining out of Cuyahoga County or if she stayed in the county, keeping the Court informed of her whereabouts.

The bill of exceptions further states that "After sentence was imposed by the Court, defendant's counsel made an oral motion to withdraw defendant's plea of guilty and substitute a plea of not guilty and at the same time made an oral motion for a new trial. Whereupon, the Court denied said oral motions and defendant was committed to the Sheriff of Cuyahoga County."

Sixteen days later, on December 18, 1958, the following motions were filed: (1) Motion to withdraw plea of guilty, (2) Motion for new trial, (3) Motion for mitigation of sentence, (4) Motion to suspend sentence. Also on this day a notice of appeal was filed. On the following day the various motions were denied by the Court.

The appeal to this Court is taken "from the judgment . . . . entered on the 12th day of November, 1958, wherein the Municipal Court of Shaker Heights entered a judgment of guilty against this defendant (and) from the sentence of the Municipal Court . . . entered on the 2nd day of December, 1958. . . ."

The single assignment of error reads as follows: "The Court erred prejudicially in denying the defendant-appellant herein permission on motion to withdraw her plea of guilty previously entered, and to proceed to trial on a plea of not guilty."

A motion to withdraw a plea of guilty, and to be allowed to enter

108

a plea of not guilty, addresses itself to the discretion of the trial Judge before whom the plea is entered, and, in the absence of an abuse of that discretion, an appellate Court will not interfere. This rule of law finds support in the vast majority of the states.

In cases when it appears that a plea of guilty was entered by mistake, or under a misconception of the nature of the charge, or through a misunderstanding of its effect or because of misrepresentations, a Court should in the exercise of its discretion permit the withdrawal of a plea of guilty. However,* where it appears that a defendant was not misled in any way by anyone; was fully advised of his right to a jury trial; was advised of the charge and the penalty; was offered the services of an attorney; under ordinary circumstances there would be no error in a Court's refusal to allow a withdrawal, of a plea of guilty, and this would be especially so when the motion was made for the first time after the imposition of sentence. See **15 O. Jur. (2d), Section 217, p. 416 (Criminal Law).** The administration of justice does not countenance the right of a person who formally declares his guilt to gamble with fate by pleading guilty in the expectation of receiving a suspended or a light sentence and then demanding as his right a withdrawal of his guilty plea when the sentence is greater than he expected.

From the record before us, we do not find that the Court abused its discretion in denying the motion of the appellant to withdraw her plea of guilty made after the report of the probation department and the imposition of sentence.

The judgment will be affirmed.

Judgment affirmed. Exceptions.

STEVENS and HUNSICKER, JJ, concur.