CITY OF FAIRBORN, APPELLEE, *v.* VANNICOLA, APPELLANT.

[Cite as Fairborn v. Vannicola (1972),
31 Ohio App. 2d 167.]

(No. 756—Decided March 2, 1972.)

*Mr. Gerald Schlafman,* prosecuting attorney, for appellee.

*Mr. W. Gale Everman,* for appellant.

KERNS, J. The defendant, Anthony P. Vannicola, appellant herein, was charged with the improper operation of a motor vehicle pursuant to Section 731.09 of the Fairborn Municipal Ordinances.

At his subsequent arraignment in Fairborn Municipal Court, he entered a plea of guilty. Vannicola was thereupon sentenced to three days in jail, fined $100 and costs, and issued a license suspension for six months.

On the following day, the defendant moved to vacate the plea of guilty for the reason that it was entered without the advice of counsel, and resulted from a "misconception of the charges" and a "misunderstanding of the effect of a plea of guilty."

The motion to vacate was overruled by the trial court on October 20, 1971, and from the judgment and sentence, Vannicola has appealed to this court.

The first assignment of error pertains to the refusal of the trial court to allow a change of plea. In this regard,

R. C. 2943.03 provides that "the court may, for good cause shown, allow a change of plea at anytime before the commencement of the trial." However, the allowance or disallowance of a change of plea is a matter within the sound discretion of the trial court. *Crider* v. *Maxwell* (1963), 174 Ohio St. 190; *State* v. *Amison* (1965), 2 Ohio App. 2d 390.

Although courts have traditionally been liberal in allowing changes of pleas, such action is subject to some practical limitations, and there is nothing in the present record to show that the trial court abused its discretionary power in refusing the request for a change of plea in this case. Applicable here, in our opinion, is the following observation from *State* v. *Martin* (1959), 81 Ohio Law Abs. 106:

"The administration of justice does not countenance the right of a person who formally declares his guilt to gamble with fate by pleading guilty in the expectation of receiving a suspended or a light sentence and then demanding as his right a withdrawal of his guilty plea when the sentence is greater than he expected."

Accordingly, the first assignment of error is overruled.

The second assignment of error pertains to the refusal of the trial court to admit certain evidence at the hearing on the motion to vacate the plea of guilty. This alleged error cannot be portrayed without a transcript of the testimony, and this court has not been favored with a transcript of the evidence presented at the hearing upon the motion. Hence, the second assignment of error is without merit.

The third assignment of error raises the serious question in this case. The defendant contends that he was denied his right to be represented by counsel and his right to a trial by jury.

The record is completely silent as to whether the Municipal Court complied with the mandatory requirements of R. C. 2937.02, and it has been held that the failure of the transcript of the proceedings to show compli-

ance with the statute invalidates the plea of guilty. *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79. In the *Whipkey* case, the court said in paragraphs 3 and 4 of its syllabus:

"3. The provisions of R. C. 2937.02-07 are mandatory and must be followed before a judge accepts a guilty plea of an accused in a misdemeanor case. Failure of the judge to comply with the provisions of R. C. 2937.02-07 invalidates a plea of guilty to a misdemeanor.

"4. It will not be presumed from a silent record that the mandatory proceedings required by R. C. 2937.02-07, were followed by the trial judge. Failure of the transcript of proceedings to show compliance with the mandatory statutory requirements as to the pretrial procedure of Chapter 2937 invalidates the entire proceedings and a judgment based on a guilty plea will be reversed by the reviewing court."

A waiver of constitutional rights will not be presumed from a silent record in a felony case. *Boykin* v. *Alabama* (1969), 395 U. S 238; *Carnley* v. *Cochran* (1962), 369 U. S. 506. And although state courts have in some cases attempted to avoid the practical consequences of applying federal constitutional standards on the basis of a distinction between felonies and misdemeanors, the distinction appears wholly artificial where the crime is of sufficient seriousness to warrant a jury trial.

With knowledge of the ever-increasing case loads of Municipal Courts, the mandatory requirements of R. C. 2937.02, naturally give vent to some practical considerations, but it would appear that a signed waiver showing that a defendant voluntarily and understandingly entered a plea after being specifically advised of each of the rights enunciated in the statute would give presumptive validity to the proceeding and alleviate the problems posed by a silent record.

Since the record in the present case fails to disclose compliance with the mandatory requirements of R. C. 2937.02, the defendant's plea of guilty is invalid. Accordingly, the judgment will be reversed, and the cause re-

manded to the trial court for the purpose of permitting the defendant to plead anew and for further proceedings according to law.

*Judgment reversed.*

CRAWFORD, P. J., and GUERNSEY, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Second Appellate District.