404 So.2d 1192 (1981)
STATE of Louisiana
v.
John L. JONES.
No. 67400.
Supreme Court of Louisiana.
September 10, 1981.
Concurring Opinion September 15, 1981.
Dissenting Opinion September 17, 1981.
Concurring Opinion November 4, 1981.
*1193 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Edward E. Roberts, Jr., Asst. Dist. Atty., for defendant-appellant.
James S. Gravel, of Gravel, Schley & Van Dyke, Alexandria, for defendant-appellant.
PER CURIAM.
On March 17, 1980, the defendant, represented by counsel, entered a plea of guilty to operating a vehicle while intoxicated, third offense in violation of La.R.S. 14:98(d) (DWI-3). The defendant, with the approval of the state and trial judge, expressly conditioned his guilty plea by reserving his right to appeal to this Court under State v. Crosby, 338 So.2d 584 (La.1976), on the issue of whether the court minutes showing his two prior guilty pleas to charges of violation of La.R.S. 14:98 could serve as a valid predicate for the present charge. Defendant was sentenced to one year in jail and a $500 fine, and on default, six months in jail. Defendant appealed, urging the Crosby reservation.
Following a bench conference with the judge on March 7, 1980, counsel for the defendant and the state made a joint offer of copies of court minutes showing defendant's plea of guilty to DWI-1 entered on May 28, 1976[1] and a subsequent guilty plea to DWI-2 on June 15, 1978.[2] The prosecutor commented that the minutes speak for themselves. Defense counsel objected "not to the actual offerings themself [sic], but to the content of the offering[s] because they *1194 do not lay a proper predicate" for the offense charged. The trial judge noted the objection to the offerings, but accepted the conditional guilty plea despite his doubts "whether this was procedurally proper under Crosby."
The defendant filed no pretrial motions. His only argument on appeal is that he cannot be properly charged as a third offender on the basis of the minutes showing his two prior convictions.[3] The defendant contends that his earlier pleas cannot be used to enhance his status and sentencing liability under La.R.S. 14:98 because the pleas were not taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Specifically, the defendant argues that the state must produce a contemporaneous record affirmatively showing a knowing and voluntary waiver of the privilege against self-incrimination, right to a trial, and a right to confrontation of accusers.
This case raises the following questions:
(1) Is a Crosby reservation an appropriate procedural vehicle to allow this Court to reach the merits of the defendant's argument?
(2) If we reach the merits, does the three-right articulation rule we established in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), apply to misdemeanor guilty pleas which will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony?
CROSBY RESERVATION
A defendant who enters a guilty plea may appeal his conviction and sentence just as the defendant convicted following trial. La.C.Cr.P. art. 912. However, the issues appealable are more limited. It has been traditionally held that a plea of guilty waives all nonjurisdictional defects in the proceedings prior to the plea. State v. Torres, 281 So.2d 451 (La.1973); State v. Coats, 260 La. 64, 255 So.2d 75 (1971); Joseph, The Work of the Appellate Courts for the 1975-76 TermPostconviction Procedure, 37 La.L.Rev. 568 (1977). In State v. Crosby, 338 So.2d 584 (La.1976), we departed from this rigid position and joined a growing number of jurisdictions[4] and commentators[5] favoring acceptance of conditional guilty pleas in some contexts. The principal nonjurisdictional issue the defendant reserved in Crosby was the denial of his motion to suppress certain physical evidence *1195 which he alleged was illegally seized. Crosby has routinely been followed in subsequent cases involving reservations of similar Fourth Amendment claims. E. g., State v. Lewis, 385 So.2d 226 (La.1980); State v. Neyrey, 383 So.2d 1222 (La.1980); State v. Hutchinson, 349 So.2d 1252 (La.1977); State v. Lain, 347 So.2d 167 (La.1977). This is the most common context in which conditional guilty pleas have been found appropriate. See 93 Harv.L.Rev. 564 and 26 U.C.L.A.L. Rev. 360, supra.
We must determine whether it is appropriate to allow the defendant to reserve his due process claim that his Boykin rights were violated by application of the principles established in Crosby, supra, 338 So.2d 590-92. Without lengthy discussion, we conclude that these principles weigh in favor of reaching the merits rather than simply setting aside the plea and remanding.
The defendant raises a purely legal question of whether our Boykin-Jackson rule provides him with a legal defense to the instant charge. Thus, unless we allow this reservation, a trial will be necessary, not for the resolution of any factual dispute, but as a means of preserving the defendant's constitutional claim for appeal. As we stated in Crosby, it would be wasteful to force a sham trial in order to avoid a forfeiture of appellate review. 338 So.2d at 389. Accepting a conditional plea also spares the defendant from making the somewhat inequitable choice of either foregoing the potential benefits of plea bargaining or sacrificing his constitutional claims. In addition, the record of this case allows adequate review of the assignment presented us. Lastly, we note that the trial judge accepted the conditional plea, but has great discretion to reject such pleas if the situation demands.
APPLICATION OF BOYKIN-JACKSON TO CERTAIN MISDEMEANOR GUILTY PLEAS
The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) noted that several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial, viz., the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), the right to trial by jury, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and the right to confront one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and held that it "cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712.
This court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), expounding Boykin, held that "in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights must be made, which waiver cannot be presumed." 260 La. at 103, 255 So.2d 85.
Boykin and Jackson involved guilty pleas to felony offenses. Two of the same federal constitutional rights involved in those cases, and sometimes all three, are involved in a waiver that takes place when a guilty plea is entered in a state misdemeanor trial. However, the opinions in Boykin and Jackson do not explicitly state whether an appellate court can presume a waiver of these federal rights from a silent record in a misdemeanor case.
A majority of this court is of the opinion that the three right articulation rule is applicable to a misdemeanor guilty plea used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. Some members of the court draw the line at these points by analogy to the holdings in Baldasar v. Illinois, 446 U.S. 222, 101 S.Ct. 1585, 65 L.Ed.2d 1125 (1980); Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Others are of the view that, since guilty pleas to misdemeanors involve waivers of federal constitutional rights which cannot be presumed from a *1196 silent record, the three right articulation rule should be applicable to all misdemeanors except for minor traffic offenses.
Accordingly, whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. See State ex rel. Jackson v. Henderson, supra, 260 La. at 101, 103.
In the present case, the minute entry showing defendant's guilty plea to his first DWI offense does not show that he had waived any constitutional right other than his right to counsel. This misdemeanor guilty plea was used as a basis for conversion of a subsequent misdemeanor, DWI 1, into a felony, DWI 3d. See La.R.S. 14:98. Also, because defendant received a one year jail sentence, the misdemeanor guilty plea was used to enhance his actual imprisonment beyond the maximum six months jail sentence he could have received for DWI 2d. See La.R.S. 14:98. Accordingly, we are required to declare the misdemeanor guilty plea to defendant's first DWI offense invalid for these purposes. Consequently, defendant's DWI third offense conviction and sentence must be set aside because his invalid first offense DWI guilty plea conviction was an essential element thereof.
Our decision will be fully applicable to this case and any other case filed and presently pending in this court involving the issue presented herein. In all other cases, however, we will apply our holding to guilty pleas entered after this decision becomes final.

Decree
Accordingly, for the reasons assigned, we conclude that we are required to set aside the defendant's conviction of driving while intoxicated, third offense, La.R.S. 14:98 (d), the defendant's underlying guilty plea, and the defendant's sentence herein. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.
CONVICTION AND SENTENCE VACATED AND CASE REMANDED.
LEMMON and DENNIS, JJ., DIXON, C. J., and CALOGERO, J., assign additional reasons.
BLANCHE, J., concurs and assigns reasons.
WATSON, J., dissents and assigns reasons.
DENNIS, Justice, DIXON, Chief Justice and CALOGERO, Justice, assigning additional concurring reasons.
We believe that a trial judge has a duty to protect every person entering a guilty plea from an unknowing or involuntary waiver of his constitutional rights, not just those who end up in jail or in felony court. Accordingly, we think that in every case except minor traffic offenses a judge must inform an accused of the rights he is waiving, make sure he understands the nature of the plea and its consequence and leave a record adequate for review. Moreover, it appears that this court could better promote judicial efficiency by adopting a simplified Boykin procedure and requiring that it be applied to all misdemeanor guilty pleas except in minor traffic offenses.
As pointed out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a guilty plea amounts to a conviction and involves the waiver of several constitutional rights including the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. It has long been held that courts are not to presume acquiescence in the loss of fundamental rights; that a waiver is valid only if voluntarily and knowingly made. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Johnston v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1464 (1938). *1197 In Boykin, the United States Supreme Court elaborated on this principle, holding that the appellate court could not presume a valid waiver of the constitutional rights a defendant implicitly relinquishes by entering a guilty plea from a "silent record." 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
This Court in State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), interpreting Boykin, held a guilty plea would not be considered knowingly made unless the three constitutional rights mentioned in Boykin were explained to the defendant and expressly waived. As to Louisiana guilty pleas entered after the date Jackson became final (December 8, 1971), we have since required "that the record contain on its face direct evidence that the accused was made aware by the trial judge of his right to jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination." State v. Williams, 384 So.2d 779, 781 (La.1980). See State v. Martin, 382 So.2d 933 (La.1980); State v. Bolton, 379 So.2d 722 (La.1979); State v. Holden, 375 So.2d 1372 (La.1979); State v. Lewis, 367 So.2d 1155 (La.1979). Our three-right articulation rule is designed to insure both that a defendant is aware of his constitutional rights and voluntarily and knowingly waives them and that an adequate record is made of these facts to facilitate review on appeal or collateral attack.
The extent to which our three-right articulation rule applies to misdemeanors has not been squarely addressed by this Court.[1] While it is true that the seminal decisions dealing with guilty pleas all involve felonies, the rationale underlying our rule and the aims the rule is designed to fulfill appear equally applicable to misdemeanors. The waiver of constitutional rights made by a defendant entering a guilty plea to a misdemeanor is virtually identical to that made by a defendant in a felony prosecution. A defendant's constitutional rights in a misdemeanor proceeding include the right to have his guilt proved by the state at trial beyond a reasonable doubt, the right to confront his accusers, and the privilege against compulsory self-incrimination. See, e. g., District of Columbia v. Clawans, 300 U.S. 607, 57 S.Ct. 660, 81 L.Ed. 843 (1937); Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892); La.Const. Art. I, § 16. There is, however, no right to trial by jury under the federal or state constitution if the offense charges is considered "petty" and carries a potential punishment of six months or less. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); La.Const.Art. I, § 17. Although most misdemeanors fall within the petty offense category and carry a potential punishment of six months in jail or less, numerous misdemeanors carry maximum penalties in excess of six months imprisonment in jail or a fine exceeding $500.[2] *1198 A person accused of violating a misdemeanor in this category has the right to trial by jury, and his decision to plead guilty entails exactly the same waiver of rights as that made by one pleading guilty to a felony. La.C.Cr.P. art. 779.
There seems to be no significant distinction drawn in the federal system regarding the taking of guilty pleas in felony and misdemeanor prosecutions; Rule 11 of the Federal Rules of Criminal Procedure governs both.[3] See United States v. Dayton, 604 F.2d 931 (5th Cir. 1979) for a thorough analysis of Rule 11 and its proper application.
Courts in several states have expressly found Boykin applicable to misdemeanors. See Mills v. Municipal Court for the San Diego Jud. Dist., 10 Cal.3d 288, 110 Cal. Rptr. 329, 505 P.2d 273 (1973); City of Fairborn v. Vannicola, 31 Ohio App.2d 167, 287 N.E.2d 281 (1972); City of Cleveland v. Whipkey, 29 Ohio App.2d 79, 278 N.E.2d 374 (1972); State v. Driver, 290 N.W.2d 856 (S.D.1980); Crew v. Nelson, 88 S.D. 162, 216 N.W.2d 565 (1974). Some of these state courts have determined, however, that identical procedures that are required in felony proceedings need not be followed in implementing Boykin in the misdemeanor context. See particularly, Mills v. Municipal Court, supra, 515 P.2d 273.
We see no reason to insulate misdemeanor guilty pleas from the beneficial effects which application of our Boykin-Jackson rule has had in felony proceedings. In Boykin, the Court spoke of the great solicitude demanded to insure that a defendant facing death or imprisonment understands the consequences of his plea. Boykin v. Alabama, supra, at 243-44, 89 S.Ct. at 1712, 23 L.Ed.2d at 280. Virtually all misdemeanants face the possibility of imprisonment and relatively serious collateral consequences that may accompany a conviction. Though misdemeanors carry a shorter maximum incarceration than felonies, they are not necessarily less complex; indeed, many "petty" offenses present complex legal and factual issues, including thorny constitutional problems. Argersinger v. Hamlin, 407 U.S. 25, 47, 92 S.Ct. 2006, 2017, 32 L.Ed.2d 530, 544 (1972) (Powell, J., concurring); Sibron v. New York, 392 U.S. 40, 52, 88 S.Ct. 1889, 1897, 20 L.Ed.2d 917, 929 (1968).
It is of great importance for the trial judge to discharge his affirmative duty of insuring that the plea is knowingly and voluntarily entered and that a record is left to demonstrate such. A person charged with a misdemeanor may be more likely to forego the assistance of counsel, and even though innocent, may conclude that the savings in time and money gained by pleading guilty and avoiding a trial and costly legal representation outweighs the potential punishment if convicted, particularly if appearances are against his being found innocent. Also, since plea bargaining may in some cases be less common in the misdemeanor context, a misdemeanor defendant could be less likely to derive the usual benefits associated with a negotiated plea. Barkai, Accuracy Inquiries for All Felony and Misdemeanor Pleas: Voluntary Pleas But Innocent Defendants, 126 U.Pa.L.Rev. 88, 101 (1977).
Accordingly, the rationale underlying our Boykin-Jackson rule should be made applicable to misdemeanor guilty pleas.[4] It *1199 should be incumbent upon the trial judge to inform the defendant that by pleading guilty he waives; (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where same is applicable; (c) his right to confront his accusers. See State ex rel Jackson v. Henderson, supra, 255 So.2d at 90. The trial judge should be required to find that the defendant intelligently and voluntarily waives these rights and makes his plea. These are minimum requirements. There are additional desirable safeguards which may be employed. See Criminal Justice Standards Bench Book for Special Judges, pp. 12-15.
Boykin and Jackson, as earlier discussed, are generally designed to fulfill two purposes: first, insuring that the defendant is aware of his constitutional rights and knowingly waives them; and second, insuring that an adequate record of that waiver is made to facilitate appellate review. In our view, these purposes may be accomplished by procedures which vary somewhat from those required in felony proceedings as long as these procedures afford adequate protection of the constitutional interests at stake. See Mills v. Municipal Court, supra, 515 P.2d at 283-89: ABA Project on Standards for Criminal Justice, Pleas of Guilty 1 (1968). We believe that by allowing flexible procedural implementation of our felony rule to misdemeanor proceedings the defendant's interests may be safeguarded and "assembly-line justice"[5] avoided without unduly sacrificing the interest of the parties and court in convenience and efficiency.
For example, a misdemeanor defendant is allowed to plead guilty through counsel with the court's consent in this state and in the federal system. La.C.Cr.P. arts. 553, 833; Fed.R.Crim.P. 43(c)(2). We believe that a guilty plea could be validly accepted by the trial court judge if coupled with an adequate waiver form and the defendant's lawyer attests in writing and in open court that the defendant personally completed the form and knowingly and voluntarily waived the various Boykin rights. See Mills, supra, at 286.
An acceptable and workable procedure might be fashioned whereby the trial judge collectively advises a manageable number of misdemeanor defendants at once, explaining the various rights waived by entering a guilty plea in some detail, and thereafter inquires of each individual defendant before arraignment whether he heard and understood the general instruction, quickly repeating the applicable rights to refresh the defendant's memory. Such procedure would produce minutes which contain an express waiver of the defendant's right to a trial, right to confront accusers, and the privilege against self-incrimination. We believe that such a procedure could be efficiently completed without sacrificing the necessary degree of reliability. This general instruction could be supplemented with a written waiver form signed by the defendant which when entered into the record gives direct evidence that the defendant was apprised of his rights and waived them.
These examples are illustrative only; we do not suggest that other acceptable means could not be fashioned. The trial judge must have some discretion to adjust the procedures he uses to the particular defendant and offense.
Our overburdened judicial system and defendants both would be better served, we respectfully submit, by a clear-cut abbreviated minimum Boykin requirement, similar to those suggested above which are already used by many of our trial courts. Much needed finality would be promoted without sacrificing the safeguards required by fairness: If trial judges followed the rule and recorded the proceedings, defendants would have little complaint and small chance at setting guilty pleas aside later. On the other hand, in the small number of cases in which the trial court failed to preserve a record of the guilty plea proceedings, the plea should be set aside and the defendant allowed to replead, both to do fairness to the defendant and to relieve the justice *1200 system of the time-consuming process of holding trials on whether the unrecorded guilty pleas were taken properly.
The United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) held that under Federal Rule 11, the trial judge must personally inquire whether the defendant understood the nature of the charge against him, the rule being designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary, and to produce a complete record at the time of the plea of the factors relevant to such voluntariness determination, and that noncompliance with the basic requirements of the rule constituted reversible error, entitling the defendant to plead anew. The underlying reasons for the court's decision, which was made pursuant to its supervisory power over the lower federal courts, are the same as those which should guide us in formulating a rule in this case. As the Supreme Court stated:
"* * * Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking." 394 U.S. at 472, 89 S.Ct. at 1174, 22 L.Ed.2d at 428-29.
In summary, from the standpoint of either constitutional law or sound judicial administration, this Court should require that a trial judge, before sentencing defendants who plead guilty to misdemeanors, take some form of basic precaution necessary to inform them of their rights and to determine whether they understand the action they are taking.
LEMMON, Justice, Assigning Additional Concurring Reasons.
I subscribe to the result of the decision stated in the per curiam opinion and offer some additional observations.
This case decides where the line should be drawn as to the type of cases in which Boykinization should be required. Although there are persuasive arguments for drawing the line elsewhere as a matter of policy, I prefer to decide the issue purely on a constitutional basis. In my view constitutional due process requires a showing that the guilty plea was voluntarily made with a knowledgeable waiver of basic constitutional rights, if the conviction based on the plea (in felony or non-felony cases) is ever to be used to impose imprisonment for that offense, to charge the subsequent commission of the same offense as a felony, or to enhance actual imprisonment in any manner.[1] The underlying rationale is that a person should not be imprisoned as a consequence of an unconstitutional guilty plea.
While I agree that some type of Boykinization is required in these types of misdemeanor cases, however, I disagree that literal compliance with the three-right articulation rule announced in State ex rel Jackson v. Henderson, 255 So.2d 85 (La.1971) is always constitutionally required for a valid guilty plea.[2] The Jackson rule is an excellent prophylactic rule, issued by this court in a supervisory capacity and designed to *1201 prevent most post-conviction attacks on guilty pleas. However, the only requirement of constitutional magnitude for the validity of guilty pleas is that the record, either of the guilty plea or of a subsequent post-conviction proceeding, establish that the defendant at the time of the plea was aware, through the trial court or through defense counsel, of the constitutional rights that were relinquished, of the nature of the offense, and of the possible penalty, and that he pleaded guilty voluntarily. The constitutional validity of the plea is ultimately determined by the overall circumstances of each case.[3]
Finally, the burden placed on trial judges by the present decision should not be too great, because a trial judge in misdemeanor cases can validly utilize an en masse instruction to a manageable number of people, as long as the judge thereafter determines from each person individually that the person heard and understood the general instruction and is voluntarily waiving the explained rights. In such cases a written waiver form would be a significant addition to the record, when completed and signed by the defendant in connection with the general instruction.
The bottom line of the current rash of guilty plea decisions is the recognition that sloppy guilty plea procedures cause the defendant to suffer inadequate protection of his rights and, equally important, cause society to suffer uncertainty in the finality of convictions. Simple efficient and thorough procedures protect both interests.
WATSON, Justice, dissenting.
The majority takes a giant step backwards in the administration of criminal justice. This decision will require Boykinization, that is, the recitation to a defendant at the time of his guilty plea in misdemeanor cases of his (1) right to trial by jury, (2) right to confront the witnesses against him, and (3) right to remain silent. This has previously been required only in felony cases. I dissent for several reasons, among them the following:
(1) Not even the United States supreme Court has gone this far.
(2) A heavy and unnecessary burden will be placed on our City and District courts by requiring them to recite Boykin rights to each misdemeanor defendant.[1]
(3) One particularly disastrous result will be wiping the slate clean for multiple offender DWIs.
(4) The three-right articulation rule which has been required in felony cases by this court is not applicable to "petty" offenses because there is no right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
In the present case, the defendant has two perfectly valid previous convictions for DWI. Legally and practically, he is a third offender and I would affirm his conviction.
Accordingly, I respectfully dissent.
BLANCHE, Justice (concurring)
As previously expressed by this writer, Boykin does not compel the guilty plea procedure we have developed in felony cases, and for even less reason in a misdemeanor case. See this writer's dissenting opinion in State v. Williams, 400 So.2d 868 (La. 1981) and concurring opinions in State v. Cusher, 400 So.2d 601 (La. 1981) and State v. Warren a/k/a Mason, 402 So.2d 662, (La. 1981). Nevertheless, the majority of the Court as presently constituted is committed to a compulsory three-right articulation rule in felony cases, and it may as well be made applicable to misdemeanors. It is really very convenient, quickly articulated and, in *1202 exceptional cases, see State v. Galliano, 396 So.2d 1288 (La. 1981), is airtight proof of the voluntary and knowing standard which Boykin actually espouses.
This writer would also observe that as the Boykin standard is one requiring a voluntary and knowing guilty plea, intellectually we should possibly apply it to all pleas instead of practically to those which are serious (jail time, enhancement, conversion of misdemeanor to felony). With the foregoing observations, this writer concurs with the opinion because he believes that our courts' past investment in the compulsory three-right articulation rule should not, at this late date, be discarded and will give direction to our judges in serious misdemeanor cases involving jail time or enhancement despite the above observations.
NOTES
[1] Minutes showing defendant's guilty plea to DWI-1 entered on May 28, 1976:

"156,323State vs. John L. Jones. (Drunk Driving)
The accused was present in open Court without counsel. Court explained to the accused of his right of representation by counsel, the accused waived said right, was arraigned and pleaded guilty. Court sentenced the accused to pay a fine in the sum of $250.00 and $28.00 Court costs."
[2] Minutes showing defendant's guilty plea to DWI-2 entered on June 15, 1978:

"1048140City vs Jonn L. Jones (DWI) (c)
The accused present in Open Court, without counsel, advised of his rights as stated in opening of Court, in answer to the Judge's questions, the accused stated he understood and wish [sic] to waive all rights, accused arraigned and pleaded guilty. Sentenced by the Court to ... 125 days in jail on DWI (c)."
The city court judge gave an en masse instruction to all present in the courtroom prior to arraignment of those individuals accused of traffic offenses. This instruction included an explanation of the right to court-appointed counsel, right against self-incrimination, right to confront and cross-examine accusers, and the right to compulsory process.
[3] The defendant's assignment of error, that the minutes reflecting his two prior guilty pleas do not constitute a valid foundation for charging him with DWI-3, is broad enough to raise the question of whether his right to court-appointed counsel was shown to have been validly waived. Though a right to counsel would have merit, the defendant does not specifically so contend in brief and has arguably waived this point. See State v. Vezina, 391 So.2d 450 (La. 1980); State ex rel Bishop v. Blackburn, 384 So.2d 406 (La.1980); LeBlanc v. Watson, 378 So.2d 427 (La.1979); State v. Carlisle, 315 So.2d 675 (La.1975); La.C.Cr.P. arts. 513-14.
[4] See United States v. Burke, 517 F.2d 377 (2d Cir. 1975); United States ex rel Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2d Cir. 1967); United States v. Moskow, 588 F.2d 882 (3d Cir. 1978); United States v. Zudick, 523 F.2d 848 (3d Cir. 1975); Nickels v. State, 545 P.2d 163 (Alaska 1976); Dorsey v. Cupp, 12 Or.App. 604, 508 P.2d 445 (1973). Several states allow conditional guilty pleas by statute. E. g., Cal. Penal Code § 1538.5(m) (West Supp.1979); N.Y.Crim.Proc. Law § 710.70(2) (McKinney 1971); Vt.Stat.Ann. tit. 13, § 7401 (1974); Wis.Stat. § 971.31(10) (1977).

The United States Supreme Court, in dicta, approved of the New York statute allowing conditional pleas in Lefkowitz v. Newsome, 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196, 204 (1975), commending the state's efforts "to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution."
[5] See, Uniform Rules of Criminal Procedure 444(d); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Criminal Appeals § 1.3(a)(iii) (1969); 3 W. LaFave, Search and Seizure § 11.1(d) (1978); 1 C. Wright, Federal Practice and Procedure (Criminal) § 175 (1969 & 1979 Supp.); Barkai, Accuracy Inquiries For All Felony and Misdemeanor Pleas; Voluntary Pleas But Innocent Defendants? 126 U.Pa.L.Rev. 88 (1977); Comment, Conditioned Guilty Pleas: Post-Guilty Appeal of Nonjurisdictional Issues, 26 U.C.L.A. L.Rev. 360 (1978); Comment, Conditional Guilty Pleas, 93 Harv.L.Rev. 564 (1980).
[1] See State v. Vezina, 391 So.2d 450 (La.1980) (decided on other grounds); State v. Woodard, 387 So.2d 1066 (La.1980) (question avoided for lack of an apt objection); State ex rel Bishop v. Blackburn, 384 So.2d 406, 408 (La.1980) (Dixon, C. J., concurring) (expresses opinion Boykin and Lewis should be applied to violations of La.R.S. 14:98).
[2] E. g., La.R.S. 14:52 (simple arson); 14:67.1 (theft of livestock); 14:91.11 (sale, exhibition or distribution of material harmful to minors); 14:93.2 (tattooing minors); 14:119 (bribery of voters); 14:119.1 (bribery of parents of school children); 14:122.1 (intimidation and interference in the operation of schools); 14:125 (false swearing); 14:210 (taxicabs, tampering with meter forbidden); 14:211 (willful purchase of timber not paid for by seller); 14:212 (false statement by seller of timber); 14:219 (removal of building or structure from immovable property subject to a conventional mortgage); 14:221 (avoiding payment for telecommunication services); 14:222 (possession, manufacturing, or sale of devices for avoidance of telecommunications service); 14:224 (transportation of water from St. Tammany Parish); 14:226 (protection of owners of crayfish farms); 14:227 (removal or alteration of identification number); 14:285 (improper language, harassment by use of telephone); 14:286 (sale of minor children); 14:313 (wearing masks or hoods in public places prohibited); 14:314 (making unauthorized cut-offs in Mississippi River); 14:315 (stopping outlets or bayous prohibited); 14:324 (abandoning or discarding ice boxes or air tight containers); 14:326 (processions, marches, demonstrations prohibited); 14:327 (obstructing a fireman); 14:356.1 (unlawful referrals by wrecker drivers); 14:356.2 (unlawful appearance bond procurement); 14:513 (possession of loanshark records); 32:1480, 1481 (motor vehicle habitual offender law); 40:1035 (transactions in drug related objectspenalties).
[3] Fed.R.Cr.P. art. 43(c)(2) allows the court to permit arraignment and plea in the defendant's absence with the written consent of the defendant in prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both. Similarly, La.C.Cr.P. arts. 553 (Supp.1980) and 833 allow the accused to plead guilty to a misdemeanor through his counsel with the consent of the court.
[4] We would not require Boykinization in minor traffic offenses in which the accused is allowed to remit his fine calculated according to an authorized parish or municipal schedule rather than appearing in person or through an attorney. See, La.R.S. 13:1900; 32:641. We do not believe that Boykin was intended to have any application to such offenses. Requiring a defendant to appear in person or through an attorney in such cases would impose an onerous burden on both the court and the defendant unjustified by any benefit obtained. See Mills v. Municipal Court, supra, 515 P.2d at 283.
[5] Argersinger v. Hamlin, 407 U.S. 25, 36, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972).
[1] In effect I would draw the line at the precise point that the United States Supreme Court did on the issue of right to counsel in the Baldasar, Scott and Argersinger cases cited in the per curiam opinion.
[2] I hasten to add that the conscientious trial judge, who strictly complies with the Jackson rule or who follows the procedure suggested in Louisiana Judges' Benchbook, Criminal Proceedings, Guilty Pleas (Judicial College 1980) by conducting an examination of the defendant and making a record of the colloquy, will insure the finality of the conviction, while at the same time protecting the defendant's basic constitutional rights.
[3] Important considerations include whether the defendant was represented by counsel, whether there were extensive pretrial proceedings, whether there was a plea bargain, whether the subsequent attack is on a relatively recent plea, and, most importantly, whether the trial judge or the defense attorney adequately explained the basic rights relinquished by a plea, the essential elements of the offense and the possible range of sentences.
[1] Some of the concurring members of the court would require a mass Boykinization, then an individual Boykinization, and finally a written form Boykinizationa triple procedure not now required in felony cases.