HALL, Judge.
In this appeal from a judgment declaring defendant to be a habitual offender as defined by LSA-R.S. 32:1472 and prohibiting defendant from driving on Louisiana highways for five years, defendant-appellant urges that this court extend the application of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Jones, 404 So.2d 1192 (La.1981) to invalidate civil disabilities arising from pri- or misdemeanor convictions based on “non-Boykinized” guilty pleas. Finding that defendant had three DWI convictions prior to the effective date of the Jones decision which was declared to be prospective only, it is unnecessary to decide in this case whether the Jones rule applies to civil disabilities [1], and we affirm the judgment of the district court.
The state filed a rule to have the defendant declared a habitual offender and to prohibit defendant from driving on Louisiana highways for five years. Three DWI convictions within a five-year period will support a habitual offender proceeding. The record establishes that defendant had pled guilty to four driving while intoxicated charges within the previous five years. On all four occasions counsel was either appointed for or waived by defendant, but on only one occasion was defendant informed of the three-right articulation as required by Boykin and Jones. Three of the four guilty pleas were entered before September 24, 1981.
On appeal defendant asserts that these DWI convictions cannot form the basis for the habitual offender judgment because defendant was not “Boykinized” at any of the four arraignments in question.
State v. Jones, supra, decided September 10,1981, held that whenever a misdemeanor (such as DWI) guilty plea serves as the basis
“. . . for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence.” 404 So.2d at 1196.
Additionally, the court held that the above ruling applies only
“.. . to guilty pleas entered after this decision becomes final." 404 So.2d at 1196. (Emphasis added)
The Supreme Court clarified the retroac-tivity portion of its Jones ruling in State v. Moore, 416 So.2d 1298 (La.1982). In Moore, the Supreme Court limited application of the Jones rule to cases where the guilty pleas in the predicate offenses were entered after September 24,1981, the effective date of the Jones decision.
Thus, misdemeanor guilty pleas entered prior to September 24, 1981 remain viable as predicates for a habitual offender judgment even though the record of such proceedings does not reflect that the defendant was “Boykinized.” The trial court in this case correctly noted in its oral reasons for judgment this distinction relative to the three guilty pleas entered prior to the effective date of Jones. The trial court’s decision is, therefore, correct and is affirmed, at defendant-appellant’s costs.
Affirmed.

. In State v. Love, 312 So.2d 675 (La.App. 2d Cir. 1975) writ refused 317 So.2d 627 (La.1975) and State v. Free, 321 So.2d 50 (La.App. 3d Cir. 1975) writ refused 325 So.2d 272 (La.1976) involving habitual offender proceedings based on uncounseled guilty pleas, it was held that only the loss of liberty or imprisonment resulting from an uncounseled conviction is invalid; consequential civil disabilities are not, even though the declaration as a habitual offender results in the loss of driving privileges and may possibly lead to additional proceedings of a criminal nature resulting in imprisonment. Because the Boykin requirements are not applicable to the predicate convictions in this case and because the record shows defendant had or waived counsel on each occasion, it is unnecessary for us to reconsider the Love and Free holdings as applied to this case.