DAVID R.M. WILLIAMS, Justice Pro Tem.*
On February 4, 1982, defendant Ozey Lewis pleaded guilty to a violation of La. R.S. 14:98, driving while intoxicated. It was his third offense in violation of this statute. He had previous convictions of driving while intoxicated (DWI) in April, 1978, and in October, 1979. The trial judge sentenced the defendant to one year in parish jail. The defendant reserved his right to appeal to this court under State v. Crosby, 338 So.2d 584 (La.1976) and now asserts one assignment of error: that his previous convictions for DWI should not be used to enhance the penalty for the present conviction because the minutes do not show that he was properly Boykin ized when he pleaded guilty to the prior offenses.[1]
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a defendant who pleads guilty must knowingly waive three important constitutional rights: (1) The privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one’s accusers. A waiver of these rights cannot be presumed from a silent record. See also, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
In the instant case, the minute entries contained in the record do not show that the defendant was apprised of his constitutional rights before his prior convictions. Because of this, the defendant claimed that he should not be charged with a third offense of DWI. In support of this assertion the defendant relies upon our decision in State v. Jones, 404 So.2d 1192 (La.1981). In Jones, the defendant entered a plea of guilty to a third offense in violation of La.R.S. 14:98. At issue before this court in Jones was whether the court minutes showing defendant’s two prior convictions of violations of this same statute would serve as a valid predicate for the third charge, although the minute entires did not show that defendant was Boykin ized. The Jones court held the Boykin and Jackson decisions applicable to a misdemeanor guilty plea later used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, thereby requiring that the defendant’s guilty pleas to prior offenses meet the requirements contained in those cases. Jones at 1195-96.
This court then addressed the question of retroactivity of the decision. The decision was held to be applicable to that particular case and to “pipeline” cases, i.e. those appeals filed and pending with this court on this issue, as of the date that the decision was handed down, September 10, 1981. The holding was to be applied only to guilty pleas entered after the decision became final, September 24, 1981. Id. at 1196. See La.C.Cr.P. art. 922.
This decision was later clarified in State v. Moore (82-KA-0800). In Moore, the defendant had entered a guilty plea on January 12,1981, to a second offense of prostitution, but had reserved her right to appeal. Because the Moore appeal was not pending in the Louisiana Supreme Court when Jones was rendered on September 10, 1981, and the guilty plea to the predicate offense was entered before September 24, 1981, the Jones requirements were not considered to be applicable to a determination of the validity of the plea to the predicate offense.
*229 In the instant case, as in State v. Moore, supra, the appeal was not “in the pipeline” when the Jones decision was rendered, i.e. it had not been filed nor was pending with this court as of September 10, 1981. Furthermore, the two guilty pleas upon which the third offense of DWI is predicated in the instant case were entered into prior to the finality of the decision in State v. Jones, supra. Defendant’s two prior convictions of La.R.S. 14:98 may serve as a valid predicate for his prosecution for a third violation of the statute.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRM.

 Judges Charles R. Ward, William H. Byrnes, III and David R.M. Williams, of the Court of Appeal, Fourth Circuit participated in this opinion as Associate Justices with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.

. The minute entry showing defendant’s first conviction does not indicate whether he pleaded guilty or was adjudged guilty. The distinction is irrelevant. He pleaded guilty to the second offense.