ORDER
WRIT GRANTED AND MADE PEREMPTORY:
The judgment of the district court denying the motion to quash is reversed and set aside. In State v. Jones, 404 So.2d 1192 (La.1981), the Louisiana Supreme Court held that whenever a misdemeanor guilty plea will be used as basis for actual imprisonment or conversion of a subsequent misdemeanor into a felony the Boykin-Jackson rule applies, i.e., it must be affirmatively shown that the defendant waived the right to trial, the right to confront his accusers, and the privilege against compulsory self-incrimination. In the instant case, the colloquy between the trial judge and the defendant, when he pleaded guilty on November 17, 1983 for D.W.I. first offense in Shreveport City Court, Parish of Caddo, Louisiana, fails to reflect that he was adequately advised of the rights he was waiving by entering his plea as is required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Accordingly, that conviction is inadmissible against the defendant for the purposes of escalating the present charge against him.