WALTZER, Judge.
The defendant was charged by a bill of information with violating LSA-R.S. 14:67, relative to theft of property valued at less than one hundred dollars ($100) from Mai-son Blanche department store. The bill of information charged the defendant, Burnell Walker, with a felony, based upon the defendant’s two previous misdemeanor theft convictions, which he pleaded guilty to. The defendant filed a motion to quash the bill of information, which was denied by the trial judge. The defendant then pleaded guilty to the charge, requesting to reserve his right to appeal the trial court’s denial of his motion to quash. He timely filed his motion to file an appeal on September 10, 1991.
The defendant raises one assignment of error on appeal. The defendant argues that his motion to quash the bill of information should have been granted on the ground that in his two prior guilty pleas he was not fully informed of the consequences of the pleas; i.e. the trial judge should have told him that if he were found guilty of misdemeanor theft a third time, the crime could be enhanced to a felony.
The defendant cites State v. Jones, 404 So.2d 1192 (La.1981) in support of his argument. In Jones, the Louisiana Supreme Court stated that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) applied to mis *42 demeanor guilty pleas used to enhance later convictions.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waived (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequences. Jones, supra at 1196.
For all three offenses, upon pleading guilty, the trial judge explained to the defendant that he, by pleading guilty, was waiving his right to not incriminate himself, his right to a trial by a jury or a judge, his right to face and cross-examine his accusers in court, his right to call witnesses on his behalf, his right to subpoena those witnesses (compulsory process), and his right to an appeal. When asked if he understood these rights and that he was waiving them, the defendant always answered yes.. The trial judge further asked the defendant if any promise was made to him for his plea, if he was satisfied with his attorney, and if he had been forced or threatened in any way to plead guilty. The defendant answered these questions appropriately.
The defendant’s position is that “to make sure that the accused has a full understanding of what the plea connotes and of its consequences” encompasses a duty on the trial judge to inform the defendant about the effects of the guilty plea on possible future convictions. However, no case has extended Boykin or Jones to include such a requirement. While it may be good practice for a judge to also explain what might happen if the defendant is again convicted of the same offense while the defendant pleads guilty and waives his rights, failure to explain such consequences will not result in an uninformed plea.
For these reasons, the judgement and sentencing of the trial court are affirmed.
AFFIRMED.