673 So.2d 1055 (1996)
STATE of Louisiana
v.
Lawrence PERTUIT, Jr.
No. 95-KA-935.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1996.
*1056 John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
E. Wayne Walker, Gretna, for Defendant/Appellant.
Before GAUDIN and GOTHARD, JJ., and CHIASSON, J. Pro Tem.
GOTHARD, Judge.
In this multiple offender DWI proceeding, the State appeals a trial court ruling which granted the defendant's motion to quash the bill of information. For the following reasons, we affirm.

FACTS
On May 23, 1994, the defendant, Lawrence Pertuit, Jr., was charged by bill of information with third offense driving while intoxicated ("DWI") in violation of La.R.S. 14:98D. In the bill of information, the State alleged that the defendant had twice previously been convicted of DWI, on June 17, 1991 and March 4, 1993. Both prior convictions resulted from the defendant pleading guilty to the charges.
At his arraignment on July 14, 1994, the defendant entered a plea of not guilty. Subsequently, the defendant filed a motion to quash the bill of information on the basis that his second DWI conviction could not be used as a predicate for the charged third offense because the defendant had not been "Boykinized" before entering a guilty plea to the second DWI charge.[1] On September 13, 1995, the trial court granted the motion to quash. From this ruling, the State has appealed.

ISSUE
The sole issue presented on this appeal is whether the trial court erred in ruling that the defendant's second DWI conviction could not be used as a predicate for a charge of third offense DWI.

ANALYSIS
In State v. Jones, 404 So.2d 1192 (La.1981), the Louisiana Supreme Court addressed the exact issue facing us. In Jones, the defendant, who was convicted of third offense DWI, argued that his two previous convictions could not serve as predicates for a third offense because he had not been "Boykinized" before entering a guilty plea to the first two charges. Id. at 1193-94. The Supreme Court, in a per curiam opinion, held that:
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence.
Id. at 1196.
After reviewing the record, the Court concluded that the defendant had not been properly "Boykinized" before pleading guilty *1057 to the first DWI charge. Id. Accordingly, the Court ruled that the defendant's guilty plea to the first DWI charge was invalid as a basis for the third offense DWI conviction. Id. Consequently, the Court set aside the defendant's third offense DWI conviction and sentence. Id.
Justice Watson wrote a dissent in which he criticized the majority opinion as a "giant step backwards in the administration of criminal justice." Id. at 1201 (Watson, J., dissenting). According to Justice Watson, the Jones decision would place a "heavy and unnecessary burden" on the trial courts by requiring judges to conduct a "Boykin" colloquy with each misdemeanor defendant. Id. One result of the decision, the dissent concluded, would be "wiping the slate clean for multiple offender DWIs." Id.
Apparently anticipating Justice Watson's dissent, four members of the Court joined in concurring opinions which argued that a modified version of the Boykin procedure, rather than a full colloquy, would satisfy constitutional concerns in a misdemeanor case. For example, Chief Justice Dixon, joined by Justices Dennis and Calogero, wrote that "a guilty plea could be validly accepted by the trial court judge if coupled with an adequate waiver form and the defendant's lawyer attests in writing and in open court that the defendant personally completed the form and knowingly and voluntarily waived the various Boykin rights." Id. at 1199 (Dixon, C.J., Dennis, J., Calogero, J., concurring). Similarly, Justice Lemmon stated that a collective Boykin instruction to a group of misdemeanor defendants, coupled with written waiver forms, would be constitutionally sufficient. Id. at 1201 (Lemmon, J., concurring).
In the instant case, the State argues that the defendant was made fully aware of his rights in both of his previous DWI convictions. Thus, according to the State, it is constitutionally permissible, pursuant to Boykin and Jones, supra, to use the two previous convictions as predicate offenses for the instant charge of third offense DWI. In support of its position, the State relies on two written waiver forms executed and signed by the defendant on the occasions of his pleading guilty to the first two DWI charges. The waiver forms state that the defendant was informed of and understood the rights he was relinquishing by pleading guilty to the charges against him.
Based on the concurrences in Jones, we might be inclined to agree with the State that the waiver forms signed by the defendant are constitutionally sufficient so as to allow his first two convictions to be used as predicate offenses for the instant charge of third offense DWI. However, the forms relied on by the State were not introduced as exhibits at the hearing on the motion to quash. Instead, the forms are merely attached to the State's appellate brief. As the forms were not introduced into evidence before the trial court, they are not part of the record before us.
It is well settled that an appellate court is precluded from considering evidence which is not part of the record. State v. Aubrey, 609 So.2d 1183, 1186 (La.App. 3d Cir.1992). Therefore, in reaching our decision we cannot consider the waiver forms submitted by the State. Having reviewed the record and without considering the waiver forms, we find there is no evidence which demonstrates that the defendant was "Boykinized" before either of his previous two DWI convictions. Accordingly, we are forced to conclude that the trial court did not err in granting the defendant's motion to quash.
Finally, we note that the State has cited the recent United States Supreme Court case of Nichols v. United States, ___ U.S. ___, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) in support of its contention that both of the defendant's previous convictions could be used to enhance the instant offense. In Nichols, the defendant, who pled guilty to a federal felony drug charge, had his sentence enhanced due to an earlier misdemeanor DWI conviction. Id. at ___, 114 S.Ct. at 1924. The defendant contested the enhancement of his sentence based on the DWI conviction because he had not been represented by counsel on that conviction. Id.
The Supreme Court held that an "uncounseled misdemeanor conviction, valid under *1058 Scott[2] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Id. at ___, 114 S.Ct. at 1928. Essentially, the State argues that because the U.S. Supreme Court allowed an uncounseled defendant's conviction to be used for sentence enhancement, then we should allow the defendant herein to be charged with third offense DWI since he was represented by counsel on the first two DWI charges.
The problem with the State's argument is that the Supreme Court's Nichols decision does not address Boykin. Rather, the case involves the Sixth Amendment right to counsel. Thus, Nichols does not lessen the requirements imposed by Boykin. More importantly, in Nichols the defendant's DWI conviction was constitutionally valid, although the defendant was convicted without the assistance of counsel, because no sentence of imprisonment was imposed. Here, the defendant's predicate convictions are constitutionally invalid because the record reveals he was not properly "Boykinized" before pleading guilty to the charges.
Furthermore, if we were to read Nichols as broadly as urged by the State, the result would conflict with the Louisiana Supreme Court's Jones decision. In Jones, our supreme court explicitly rejected the notion that a defendant's sentence could be enhanced based on a prior conviction that was obtained in violation of Boykin. In this regard, it is important to note that the U.S. Constitution merely establishes minimum protections against governmental action; thus, it is entirely proper and appropriate for a state to provide additional safeguards to its citizens beyond those granted by the federal constitution. Louisiana has chosen to do so by protecting a defendant from sentence enhancement based on a prior conviction obtained in violation of Boykin. Accordingly, even if we read Nichols to stand for the proposition that a conviction obtained in violation of Boykin could nevertheless be used to enhance a defendant's sentence after a subsequent conviction, we would still be required to follow the Jones holding. Based on the foregoing, we conclude that the State's reliance on Nichols is misplaced.
In summary, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The process of "Boykinization" is designed to ensure that a defendant who pleads guilty is aware that by doing so he waives the following three federal constitutional rights: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). The Louisiana Supreme Court adopted the Boykin standard in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971) and held it to apply to all felony pleas of guilty entered subsequent to December 8, 1971 in State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (La.1972).
[2] In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Supreme Court held that where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor had no constitutional right to counsel.