STATE OF LOUISIANA,
v.
BRIDGET LYONS DARDAR.
No. 2007 KA 1667.
Court of Appeals of Louisiana, First Circuit.
February 8, 2008.
Not Designated for Publication
JOSEPH L. WAITZ, Jr., District Attorney, Ellen Daigle Doskey, Assistant District Attorney Counsel for Appellee, State of Louisiana.
BERTHA M. HILLMAN, Counsel for Defendant/Appellant, Bridget Lyons Dardar.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
The defendant, Bridget Lyons Dardar, was charged by bill of information with driving while intoxicated (DWI), third offense, a violation of La. R.S. 14:98. She pleaded not guilty. She also filed a motion to quash, challenging one of her predicate DWI offenses, for which she pleaded guilty.[1] On the original hearing, the motion to quash was granted, but on rehearing the motion to quash was denied. Defendant was rearraigned at a Boykin hearing and entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La. 1976), to preserve her right to appeal the trial court's denial of the motion to quash. The trial court sentenced defendant to one year of imprisonment in the parish jail and imposed a $2,000 fine. Defendant now appeals, designating one assignment of error. We affirm the conviction and sentence.

FACTS
Because defendant pleaded guilty, the facts of the present offense were not developed. At the Boykin hearing on August 14, 2006, defendant pleaded guilty to driving while intoxicated, third offense, charged as having been committed on February 3, 2006.

ASSIGNMENT OF ERROR
In her sole assignment of error, defendant argues that the trial court erred in denying her motion to quash one of the predicate offenses. Specifically, defendant contends that her uncounseled guilty plea for DWI, second offense, should have been quashed because the court, while informing her of her right to a trial, failed to inform her of her right to a jury trial where applicable.
The guilty plea at issue related to a DWI, second offense, committed on July 18, 2004. The Boykin hearing on that matter was December 23, 2004. Defendant concedes that at the Boykin hearing, she was informed by the court of her right to a trial. However, defendant contends that under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the court was required to further inform her that by pleading guilty, she was waiving her right to trial and "jury trial where applicable." See State v. Jones, 404 So.2d 1192, 1196 (La. 1981) (per curiam).[2]
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. It is the state's burden to show that the defendant knowingly and expressly waived his Boykin rights when entering this guilty plea. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. State v. Verdin, 2002-2671, pp. 3-4 (La. App. 1st Cir. 2/3/03), 845 So.2d 372, 375 (per curiam).
The record relating to the predicate offense reflects that defendant signed a "Waiver of Constitutional Rights and Plea of Guilty" form indicating that she waived her Boykin rights, including "Nile right to a trial." During the Boykin hearing, defendant acknowledged that she read and signed the form, that she understood it, and that she did not need anything explained to her. The trial court then addressed defendant as follows:
All right, the next part of it tells you what you are charged with and what the possible sentences are. The next part tells you the rights you give up when you plead guilty: the right to go to Trial; the right to require the State to prove you guilty beyond a reasonable doubt; the right to confront and cross-examine witnesses; the privilege against self-incrimination; the right to force people to come to Court and testify for you; the right to appeal; and the right to be represented at all times by a lawyer, including appeal  by a lawyer of your own choice, or a court-appointed attorney, if you can't afford one. Do you understand that?
Defendant responded, "Yes, sir."
On a conviction of DWI, second offense, the offender shall be fined not less than seven hundred fifty dollars, nor more than one thousand dollars, and shall be imprisoned for not less than thirty days nor more than six months. See La. R.S. 14:98(C)(1). The crime of DWI, second offense, therefore, is a misdemeanor. See La. R.S. 14:2(A)(4) & (6); see also La. C.Cr.P. art. 933(3) & (4).
Louisiana Code of Criminal Procedure article 779 provides:
A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
Louisiana Code of Criminal Procedure article 556 provides, in pertinent part:
B. In a misdemeanor case in which the court determines that a sentence of imprisonment will actually be imposed or in which the conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
. . .
(3) That he has the right to have a trial, and if the maximum penalty provided for the offense exceeds imprisonment for six months or a fine of one thousand dollars, a right to trial by a jury or by the court, at his option.
Accordingly, since defendant could not have been fined more than one thousand dollars nor imprisoned for more than six months on the predicate offense, she was entitled to only a bench trial. The court properly advised defendant that she had a right to have a trial. Since a trial by a jury was not applicable to her case, the court was under no duty, statutorily or jurisprudentially, to inform defendant of a right to which she was not entitled. See State v. Delanoix, 637 So.2d 515, 517 (La. App. 1st Cir. 1993).
We find that the court informed defendant of all of her applicable rights, and that she knowingly and intelligently waived those rights. The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In this appeal, defendant challenges only one of the predicate offenses, namely Docket Number 443,036, 32nd Judicial District Court, Parish of Terrebonne.
[2] In State ex rel. Jackson v. Henderson, 260 La. 90, 103, 255 So.2d 85, 90 (La. 1971), the supreme court, in expounding Boykin, held that "in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights [the privilege against compulsory self-incrimination; the right to trial and jury trial where applicable; the right to confront one's accuser] must be made, which waiver cannot be presumed." In Jones, the supreme court held that the three-right articulation rule of Boykin and Jackson, both of which involved guilty pleas to felony offenses, is applicable to a misdemeanor guilty plea used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. Jones, 404 So.2d at 1195. Accordingly, with regard to a defendant's right to trial when that type of misdemeanor guilty plea is entered, the Jones court enjoined that it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives his right to trial and jury trial where it is applicable. Jones, 404 So.2d at 1196. (Emphasis supplied).