PER CURIAM.
Thomas E. Parker, Jr. was charged by bill of information with driving while intoxicated, fourth offense, La.R.S. 14:98(E). He filed a motion to quash the bill based upon the lack of proper Boykinization at his three previous DWI guilty pleas. The motion was denied by the trial court and defendant was subsequently convicted of third offense DWI by a twelve-member jury. Defendant was fined $500 and sentenced to three years’ imprisonment at hard labor, execution of said sentence being suspended on the condition that defendant complete two years supervised probation.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable and (c) his right to confront his accusers, and to make sure that the accused understands the consequences of the plea. State v. John L. Jones, 404 So.2d 1192 (La.1981).
In the present case, the prosecution proved the three predicate DWI offenses by introducing copies of the previous bills of information and the minute entries corresponding thereto. These exhibits failed to demonstrate that defendant was advised of his privilege against self-incrimination, or of his right to confront his accusers at the time he entered his guilty plea in connection with the prior DWI convictions used to convert his subsequent misdemeanor into a felony. For this reason, the defendant’s conviction of driving while intoxicated, third offense, La.R.S. 14:98(D) is reversed and the sentence vacated.
In order to reach its verdict of guilty of fourth offense, DWI, the jury necessarily found defendant guilty of DWI for the most recent episode. In that conclusion, there is no infirmity. The conviction will therefore be reduced to guilty of first offense DWI and remanded to the district court for resentencing. State v. Byrd, 385 So.2d 248 (La.1980).
MARCUS, BLANCHE and WATSON, JJ., dissent.
LEMMON, J., concurs.