## RIESEN v. STATE OF FLORIDA
### Case No. CJAP83-71
Ninth Judicial Circuit, Orange County
June 21, 1984

### APPEARANCES OF COUNSEL

**Warren Turner** for appellant.

**Tom Vaughan,** Assistant State Attorney, for appellee.

Before LAWRENCE R. KIRKWOOD, Circuit Judge.

### OPINION OF THE COURT

PER CURIAM.

Oral argument was heard by the Court on September 28, 1983.

Upon reviewing the briefs and record on appeal, I find that Appellant has failed to demonstrate any reversible error, in that . . .

![redacted]

The Honorable J. C. Stone, Jr., trial court judge, properly followed the expressed language of Florida Statutes, 322.201 (1983) which reads in part:

"A copy, computer copy, or transcript of all abstracts of accident reports and all abstracts of court records of convictions received by the department and the complete driving record of any individual duly certified by machine imprint of the clerk of a court shall be received as evidence in all courts of this State without further authentication, provided the same is otherwise admissible in evidence."

The computer printout in question was duly certified (T3) as is required by above Statute. Therefore, the certified copy of the Appellant's driving record in the instant case was properly reviewed by the said trial judge in accordance to the Statute which dispenses with any further requirements of authenticity.

The Appellant raises several issues on appeal, all of which contend that the trial court's use and acceptance of the Appellant's prior record was inappropriate. First, the Appellant, through his lawyer, argues that the lower court cannot rely on an alleged certified copy of a driving record to determine the existence of a prior DUI conviction. Certainly, such contention has no basis in Florida Statutes, 322.201, which clearly allows a court to accept certified records.

Second, the Appellant argues that the Appellee did not put him on sufficient notice of its intentions to charge the Appellant as a second-time DUI offender. This Court finds that it was known to all parties involved, especially the Appellant himself, that this was his second DUI, therefore, the Appellant should not have been surprised. Furthermore, the transcript of the plea unequivocally reflects that the trial judge offered several opportunities for the Appellant to review his plea. In light of these opportunities the Appellant still pled "no contest". Based on the foregoing facts there was sufficient notice given to the Appellant prior to the Court accepting his plea.

Third, the Florida Supreme Court case of *Francois v. State,* 407 So.2d 885 (Fla. 1982) suggests there are no grounds to substantiate the Appellant's contention of an enhanced sentencing. The Court in *Francois* allowed the introduction of court files from prior criminal prosecutions to prove that the defendant had prior convictions. The same procedure is appropriate for the conviction contained in the Appellant's certified driving record in the present case.

Next, the Appellant contends his rights of confrontation and cross-

**29**

examination were violated. Admittedly, a defendant has such rights anytime preceding sentencing. However, this general rule is not applicable to question a prior conviction at a subsequent point as in the case at bar; to do so would be allowing the Appellant to relitigate the former conviction. The former conviction has already been adjudicated and finalized in absence of an appeal. Therefore, the Appellant's rights as to the former conviction have expired.

Finally, it is argued that the State did not meet its burden of proof that the defendant had been previously convicted of a DUI charge. There is no such burden placed on the State by the laws of Florida. Florida Statute 322.201 (1983) only requires that the copy be that of the official record. Moreover, the cases of foreign jurisdiction, many of which were miscited in the Appellant's brief, do not effectively state grounds to reverse the trial court in the case at bar. In *People v. Alvarez,* 182 Cal. Rptr. 118 (Cal. Supra, CT. App. Dept. 1982) the Court did place a burden on the State to prove the validation of a prior conviction. However, the Court said . . .

"this means that the People have the *initial obligation of introducing evidence . . . .* which is sufficient to avoid a ruling against them on the issue of the constitutional validation of the *challenged prior judgment of* conviction".

Note the Court pursuant to Florida Statute 322.201, did satisfy the initial obligation. Furthermore, this effort was met even in absence of an expressed challenge by the Appellant at trial.

A reading of *State v. Parker,* 411 So.2d 449 (Ca.1982) clearly illustrates the difference of the law in Florida and Louisiana. Again, Florida only requires a certified copy of the Appellant's driving record, without further authentication. Florida Statute 322.201. The procedure mentioned in *Parker* is not controlling in this jurisdiction.

*Boykin v. Alabama,* 89 S.Ct. 1709 (1969) is also cited by the Appellant, however, the U.S. Supreme Court holding in said case is not bearing on the case at bar. At issue in *Boykin* was whether the trial judge properly informed the defendant of the rights and consequences of his guilty plea. 89 S.Ct. at 1711. In the case at bar the general issue is whether the trial judge was proper in accepting the Appellant's prior record. Nowhere in trial transcript is there evidence which denotes objection to the judge's instruction to the Appellant or the jury. Therefore, *Boykin* is not controlling in the instant case.

The law announced by the U.S. Supreme Court in *Baldasar v. Illinois,* 100 S.Ct. 1983 (1980), relates to the use of uncounseled prior

misdemeanor conviction to enhance a subsequent violation. The Appellant again improperly applied this case to the case at bar. The Appellant made no contention in trial court relating to an uncounseled prior conviction. The transcript reflects no explicit objection comparable to that in *Baldasar.*

While some of the issues raised by the Appellant on appeal may have merit they were not appropriately raised by the Appellant before the trial court. It has long been the law of this State that . . .

"where a party desires to have an appellate review of rulings of a trial at either admitting or excluding evidence, he must except (object) to such ruling at the time that it is made, and such exception (objection) must properly be made to appear in the transcript of record brought up for appellate review, otherwise no assignment of error predicated upon such ruling can be considered by such appellate court. 45 So.2d 987 (Fla. 1908).

In the case at bar, the Appellant had several opportunities to object to the use and admission of his prior record. No objection (exception) was made, therefore, it would be inappropriate for this Appellate Court to reverse the trial court's decision based on the admission of the record of prior convictions.

Therefore, this Court affirms the trial court's ruling and finds no circumstances to substantiate the Appellant's contentions. The Order appealed from is hereby AFFIRMED. The Clerk is directed to issue Mandate forthwith.