674 So.2d 291 (1996)
STATE of Louisiana
v.
John Anthony DEROCHE.
No. 95 KA 0376.
Court of Appeal of Louisiana, First Circuit.
April 10, 1996.
*293 Carlton J. Cheramie, Cut Off, for Defendant-Appellant John Anthony Deroche.
John Schoonenberg, Houma, for Plaintiff-Appellee State of Louisiana.
Before CARTER, PITCHER and CRAIN, JJ.[1]
PITCHER, Judge.
John Anthony Deroche (defendant) was charged by a bill of information with driving while intoxicated (DWI), third offense, a violation of LSA-R.S. 14:98. Defendant pled not guilty and subsequently filed a motion to quash the bill of information on the grounds that the November 19, 1994, predicate offense was insufficient to sustain a charge of DWI, third offense. After a hearing, the trial court denied the motion to quash.[2] Thereafter, defendant applied for supervisory writs and a stay order with this court. In *294 Docket Number 94 KW 0214, this court denied the stay order, and the writ was not considered because defendant had failed to comply with Uniform RulesCourts of Appeal. Defendant refiled his application, and this court denied the writ application under Docket Number 94 KW 0246.
A trial on the merits was set for November 9, 1994. After trial by jury, the defendant was found guilty as charged. The trial court sentenced the defendant to the custody of the Louisiana Department of Corrections for a term of two and one-half years at hard labor. The trial court further ordered the defendant to pay a fine of $1,000.00.
Defendant now appeals and alleges the following assignments of error.
1. The Trial Court erred in failing to grant defendant's motion to quash.
2. The Trial Court improperly admitted evidence of defendant's prior conviction(s) of the offense(s) of driving while intoxicated.
3. The defendant's sentence is excessive for the offense which he was convicted.
4. The State of Louisiana did not prove that the defendant was guilty beyond a reasonable doubt.
5. The Trial Court erred in admitting evidence of defendant's guilty plea to driving while intoxicated without the proper predicate to show that defendant voluntarily and knowingly waived his constitutional rights in the entry of said guilty plea.
6. The "waiver of rights form" signed by defendant at the time of his prior guilty plea to the offense of driving while intoxicated in the 32nd Judicial District Court is constitutionally defective in that it is an improper explanation of defendant's constitutional rights because there is an insufficient inquiry and colloquy between the defendant and the presiding Judge.
7. The predicate conviction in the 32nd Judicial District Court was constitutionally defective in that the presiding Judge did an in globo advise [sic] of rights and therefore there was an insufficient explanation on an individual basis of defendant's constitutional rights.
Assignment of error number one was not briefed on appeal, and therefore, it is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
At approximately 1:28 a.m. on January 13, 1993, Officer Lonnie Lusco of the Houma Police Department was traveling south on Grand Caillou Road when he observed a red single cab truck, traveling at a high rate of speed, run a flashing red light at the intersection of Grand Caillou Road and Tunnel Boulevard. Officer Lusco immediately activated his emergency lights and siren, turned onto Tunnel Boulevard, and entered pursuit of the truck. Upon overtaking the truck, Officer Lusco directed the driver to pull into the parking lot of the Ten-Buck-Two Lounge. Officer Lusco ordered the defendant to exit his vehicle and walk towards the driver's door of the patrol unit. As the defendant walked towards the patrol unit, Officer Lusco observed that the defendant was unsteady on his feet. While ascertaining whether the defendant possessed a driver's license, Officer Lusco observed a strong odor of some type of alcoholic beverage on defendant's breath. Officer Lusco also noticed that the defendant's eyes were bloodshot. Officer Lusco advised the defendant why he was stopped and then advised him of his rights as per Miranda. The defendant was asked if he would take a field sobriety test, and he replied that he would. Officer Lusco then instructed the defendant on how to perform the heel to toe test. The defendant was instructed to take nine steps on a straight and level line with heel to toe touching, and then he was to turn around and walk along the same line touching heel to toe. After the six steps, Officer Lusco observed that the defendant began to lose his balance. When the defendant turned around after the ninth step, he totally lost his balance. Fearing that the defendant would hurt himself, Officer Lusco terminated the heel to toe test. After determining that the defendant knew the alphabet (ABC's), Officer Lusco instructed the defendant to recite the alphabet starting at the letter "C" and stopping at the letter "H". Instead of following Officer Lusco's instructions, the defendant proceeded to *295 recite the alphabet starting with the letter A and continuing through the letter H, skipping the letters "I", "J", "K", and "L", then reciting the letters "M", "N", and "O". The defendant then stated, "Oops, I've messed up." Based upon Officers Lusco's observations of the defendant's driving, his performance on the heel to toe test, and his inability to recite the alphabet as instructed, he was placed under arrest for driving while intoxicated. The defendant was handcuffed and then transported to the Houma Police Department. After reaching the Police Department, Officer Lusco explained to the defendant his rights relating to a chemical test for intoxication. The defendant signed the form, indicating that the rights were explained to him, but he refused to take the chemical test.
The defendant testified as the only defense witness. Defendant testified that he left his home in Cut Off, Louisiana, around 7:00 p.m. for Houma, to, as he described, "come out." Defendant testified that he first stopped at La Casa Del Sol, where he had a couple of beers. The defendant then testified that he next went to Illusions, which is a comedy club, and had one beer. Defendant then proceeded to a lounge, which is now called Rodeo's. While there, he consumed a couple of beers. The defendant then testified that his last stop was at Night Town, where he had a couple of beers. On direct examination, the defendant stated that he consumed approximately six beers between 8:00 p.m. and 1:15 a.m. However, on cross examination, he admitted that he could have consumed as many as eight beers.

ASSIGNMENTS OF ERROR NUMBERS TWO, FIVE, SIX AND SEVEN

(ASSIGNMENT OF ERROR NUMBER ONE IN DEFENDANT'S BRIEF)
By way of these assignments of error, defendant contends that the trial court erred in admitting evidence of his November 19, 1990, plea of guilty to DWI, second offense, to enhance his present charge to DWI, third offense. Defendant argues that there was an inadequate showing on the record that he knowingly and intelligently waived his constitutional rights. More particularly, defendant argues that the state's evidence failed to show that defendant waived his constitutional right to counsel.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La. 1981).
It is the state's burden to show that the defendant expressly and knowingly waived his Boykin rights when entering this guilty plea. State v. Santiago, 416 So.2d 524, 525 (La.1982). To meet this requirement, the state may rely upon a contemporaneous record of the guilty plea proceedings, i.e., either the transcript of the plea of guilty or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). While the colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
A trial judge has a duty to determine that the defendant is expressly and knowingly waiving his constitutional rights in entering his plea. See State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Williams, 384 So.2d 779, 781-82 (La.1980). To satisfy the requirements of Boykin, there must be an affirmative showing in the record that the accused, at the time he entered his guilty plea, knowingly and voluntarily waived his constitutional privileges against self-incrimination, and of his right to trial by jury and right to confront his accuser. State v. Jones, 404 So.2d at 1196.
The critical issue on review of the waiver of the right to counsel is whether the *296 accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Strain, 585 So.2d 540, 543 (La.1991).
At trial, the state, outside the presence of the jury, made a proffer of several documents which were marked for identification as State Exhibit Two. These documents formed the basis of the November 19, 1990, predicate offense. The defendant objected and argued that the evidence to support the predicate offense was insufficient to sustain a conviction of DWI, third offense. The trial court overruled the objection, finding that the documents were in compliance with the law. The trial court further found that the defendant made a knowing and willful waiver of his rights and that his guilty plea was valid. The state was then allowed to introduce State Exhibit Two into evidence over defendant's objection.
State Exhibit Two contained a copy of the minute entry of defendant's guilty plea taken on November 19, 1990, and a copy of a two page "waiver of rights" form.[3]
The pertinent portion of the minute entry states as follow:
The accused appeared before the bar of the Court for arraignment in the presence of the Assistant District Attorney, Mr. Warren J. Daigle, Jr., and upon being duly arraigned, said accused tendered pleas of "Guilty" to both counts herein.
The accused was advised of his rights as enunciated in State Vs. [sic] Jones. The accused has signed the waiver of these rights and the waiver was made part of the record by being filed with the charge against the accused.
The Court then annouunced [sic] that it was satisfied that the accused herein had entered said pleas voluntarily, with full knowledge of his rights and same were accepted.
Although the minutes indicate that the defendant was advised of his rights under State v. Jones, they are silent as to the defendant's right to counsel. The minutes are likewise silent as to whether the trial judge entered into a colloquy with the defendant to ascertain if the defendant knowingly and intelligently understood his rights and the effect of a waiver of these rights. The minutes do, however, reference a waiver of rights form that the defendant signed and was made a part of the record. These two documents, taken together, constitute a contemporaneous record of the November 19, 1990, proceeding. See State v. Tucker, 405 So.2d 506 (La.1981).
The waiver of rights form is a two page document.[4] On the first page, the form recites, in pertinent part, the following:
Every citizen of the United States of America who is accused of a crime has the following constitutional rights:
1) The right to be represented by an attorney at all times during a criminal proceeding, if you want an attorney. If you do not want one, you may go ahead without one. If you want one, but cannot afford one, an attorney will be appointed to represent you, provided that the Judge is satisfied that you are without funds.
2) The right to confront your accusers. This means that all witnesses giving evidence against you must testify in your presence, face to face.
3) A privilege against compulsory self-incrimination. This means that you cannot be forced to testify at your own trial.
4) A right to trial by jury where applicable. This means that if the total combined sentence of all charges against you exceeds six (6) months in prison or $500.00 in fines, then you are entitled to a jury trial.
Before you plead, you should know that your plea may result in actual imprisonment or should you in the future plead to or be convicted of another misdemeanor, this plea could be the basis for actual *297 imprisonment, enhancement of actual imprisonment or conversion of the subsequent misdemeanor into a felony.
Before you will be allowed to enter a plea of "Guilty" or "Nolo Contendere", you will be required to tell the Judge that you understand the above rights, that you do not wish to use any of them, and that you wish to go ahead without an attorney.
As presently charged:
&check; I. You are entitled to a jury trial.
&check; II. You are entitled to a judge trial.
* * * * * * * * * * * * * * * * *
&check; A. I have read or have had read to me the
 constitutional rights above. I understand my
 rights and wish to proceed.
&check; B. I do not want an attorney. I am able to read,
 write and speak the English language. I fully
 understand the nature of [the] charges against
 me, and I choose self-representation. I
 understand that an attorney, because of his
 special training and education, is in a better
 position to raise technical defenses to any
 charges which are pending and to which I
 desire to represent myself. I represent
 myself knowing this and desire to plead as set
 forth above. I believe this plea is in my
 best interest and I recognize the danger of
 self-representation.
&check; C. I have talked with an attorney and he is
 either present or has told me what to do.
 11/19/90 s/John Deroche 
Date Signature Signature
 _________________
 ATTORNEY
The second page of the form states as follows:
Defendant must sign and date form, and check or initial block (A) and either block (B) or (C). If defendant has an attorney with him in Court, the attorney must also sign.
1. Did you hear the advisement of your rights at the beginning of court?
2. Do you understand your rights?
3. Do you wish to waive your rights and enter a plea?
4. Do you understand that by pleading guilty (or nolo contendere) you are subjecting yourself to a fine, imprisonment or both?
I am satisfied that the accused has a full understanding of what his plea connote[s] and of its consequence.
 /s/ Paul R. Wimbush
 Judge, Division "E"
 32nd Judicial District Court
This waiver of rights form advises defendant of all of his constitutional rights in accordance with Jones and Boykin, as well as, his right to counsel.
We find that the minutes and the rights waiver form, when taken together, are sufficient *298 to establish a predicate offense for a charge of third offense DWI. These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER THREE

(ASSIGNMENT OF ERROR NUMBER TWO IN DEFENDANT'S BRIEF)
By way of this assignment of error, the defendant asserts that his sentence of two and one-half years for third offense DWI is excessive.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, Sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or is purposeless or needless. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks one's sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). A trial court has wide discretion to sentence within the statutory limits. Considering the fact that the defendant was subject to a possible sentence of up to five years, we do not find his sentence of two and one-half years to be so excessive as to shock one's sense of justice. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR

(ASSIGNMENT OF ERROR NUMBER THREE IN DEFENDANT'S BRIEF)
In this assignment of error, the defendant contends that the state did not prove that he was guilty beyond a reasonable doubt. We note that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
Prior to its amendment by Acts 1994, 3rd Ex.Sess., No. 20, Sec. 1, LSA-R.S. 14:98 A, provided, in pertinent part:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; ....
Initially, we note that, because the defendant refused to take a breath test, the legal presumption of intoxication contained in LSA-R.S. 14:98 A(2) is inapplicable herein. Nevertheless, in order to convict an accused of driving while intoxicated, the State need only prove that the defendant was operating a vehicle and that he was under the influence of alcohol. State v. Pitre, 532 So.2d 424, 428 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989).
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. *299 What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case by case basis. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. State v. Pitre, 532 So.2d at 428.
The defendant does not contest the fact that he was operating the vehicle at the time of his arrest, nor does he contest the April 28, 1989, predicate DWI conviction. He argues instead, that the evidence failed to prove that he was guilty beyond a reasonable doubt. The defendant suggests that the officer's inexperience, coupled with his administration of an abbreviated field sobriety test, without the benefit of a chemical test, is insufficient to establish guilt beyond a reasonable doubt.
Officer Lusco's testimony revealed that he observed the defendant's vehicle, traveling at a high rate of speed, run a flashing red light. In describing defendant's actions, Officer Lusco stated that, after the stop, defendant was unsteady on his feet as he walked to the patrol car. Defendant had a strong odor of alcohol on his breath, and his eyes were bloodshot. Defendant also performed poorly on the field sobriety tests administered by Officer Lusco. The heel to toe test was discontinued because defendant was unable to keep his balance, and Officer Lusco was afraid that defendant would hurt himself. Defendant also failed to follow Officer Lusco's instructions for the "alphabet" test.
During defendant's testimony, defendant denied that he was intoxicated. However, defendant admitted that he had consumed approximately six to eight beers before Officer Lusco had stopped his vehicle. Defendant also testified that his eyes are always bloodshot because he had pink eye. Defendant also testified that his size made it difficult for him to try to walk a balanced straight line.
Our review of the record convinces us that the evidence was sufficient to allow any rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of driving while intoxicated.

CONCLUSION
For reasons set forth herein, the defendant's conviction and sentenced for driving while intoxicated, third offense, is affirmed.
AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] At the hearing, defendant introduced exhibit D-1, which consisted of: (1) a copy of the bill of information from the 32nd Judicial District Court, Parish of Terrebonne, charging the defendant with DWI, second offense; (2) a copy of a document which purports to be a rights waiver form; and (3) a copy of a notice of conviction and forfeiture. The state did not introduce any evidence.
[3] We note that the minutes and waiver of rights form introduced as part of State Exhibit Two are photocopies and are uncertified. An uncertified copy of a document is not properly authenticated when there is no testimony from a custodian of the copy. State v. Melton, 456 So.2d 192 (La. App. 4th Cir.1984). However, the defendant did not object to the introduction of these documents on this ground.
[4] We note that this document has no title to identify it as a wavier of rights form.