688 So.2d 608 (1997)
STATE of Louisiana, Appellee,
v.
Larry Claude LOTT, Appellant.
Nos. 29082-KA, 29083-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
Rehearing Denied February 20, 1997.
*609 Indigent Defender Board by Lewis A. Jones, Ruston, Bobby L. Culpepper & Associates by Bobby L. Culpepper, Jonesboro, for Appellant.
Richard P. Ieyoub, Attorney General, Robert W. Levy, District Attorney, John F. Belton, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Larry Claude Lott, was charged by bill of information with two counts of operating a motor vehicle while intoxicated, fourth offense, a violation of LSA-R.S. 14:98. Defendant filed three motions to quash, which were denied by the trial court. Pursuant to a plea agreement, the defendant pled guilty as charged, reserving his right to appeal the trial court's denial of his motions to quash under State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to serve concurrent sentences of ten years at hard labor on each count, with three years to be served without the benefit of probation, parole or suspension of sentence, and imposed a fine and costs, with six months for failure to pay. The trial court suspended all but three years of the sentences and placed the defendant on supervised probation. Defendant appeals the trial court's denial of his motions to quash. For the following reasons, we affirm.

FACTS
In January 1994 and again in July 1994, the defendant was stopped by the Ruston police and arrested for the offense of driving while intoxicated (DWI). Subsequently, the Lincoln Parish District Attorney filed a bill of information charging defendant with two counts of operating a motor vehicle while intoxicated, fourth offense, trial court docket numbers 38,289 and 38,083. The predicate offenses for each of the two counts are as follows: 1) July 1988 guilty plea to DWI first offense; 2) September 1988 guilty plea to DWI second offense; 3) May 1991 guilty pleas to DWI second and DWI third offenses.
Originally, three motions to quash were filed in case number 38,289, alleging improper use of stale predicate offenses, double jeopardy bars to prosecution and improper Boykinizations for the predicate offenses. At sentencing, the court noted that the motions to quash would apply to both cases. The trial court denied the motions. The defendant pled guilty as charged and reserved the right to appeal the denial of his motions to quash under State v. Crosby, supra.
In accordance with a plea bargain agreement, the trial court sentenced the defendant to serve concurrent sentences of ten years at hard labor for each count, with three years to be served without the benefit of probation, parole, or suspension of sentence, and imposed a fine of $1,000 plus costs, with an additional six months to be served in default of payment. The trial court suspended all but three years of the sentences and placed the defendant on supervised probation for a period of five years. Defendant appealed the trial court's denial of his motions to quash. This court, on its own motion, consolidated the appeals in these two cases. State v. Lott, 29,082-KA and 29,083-KA (La.App.2d Cir. 6/27/97).

DISCUSSION
In his only assignment of error on appeal, the defendant argues the trial court erred in overruling his motion to quash on the basis of invalid prior Boykinizations on the predicate offenses. Defendant contends that his guilty pleas to each of the predicate offenses were not knowing and voluntary waivers of his constitutional rights, and thus the prior convictions could not be used to enhance the present offenses to DWI-fourth offense.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must have informed the defendant that by pleading guilty *610 he waived his privilege against compulsory self-incrimination, his right to trial and jury trial where it is applicable, and his right to confront his accuser. The trial judge must have also ascertained that the accused understood what the plea connotes and its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 404 So.2d 1192, 1196 (La.1981); see also State v. Deroche, 95-0376 (La.App. 1st Cir. 4/10/96), 674 So.2d 291.
The state has the burden of proving that the defendant expressly and knowingly waived his Boykin rights when entering his guilty plea to the predicate offenses. State v. Deroche, supra. To meet this requirement, the state may rely upon a contemporaneous record of the guilty plea proceedings, that is, the minute entry or the transcript itself. State v. Bland, 419 So.2d 1227, 1232 (La. 1982). The colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984); State v. Deroche, supra.
First Predicate Offense:
The defendant's July 26, 1988 guilty plea to DWI-first offense was used to enhance the present offenses. The state entered into evidence the bill of information charging this offense, the court minutes, and the transcript of the guilty plea. The defendant argues that the trial judge's limited inquiry into the defendant's background during the guilty plea colloquy was insufficient to determine whether he understood the consequences of his action. In addition, defendant maintains that the trial court did not adequately explain defendant's constitutional rights, including his right to an attorney, but only asked the defendant if he wished to give up those rights.
The record shows that the defendant was represented by counsel at this guilty plea hearing. The trial court inquired about the defendant's education, whether he was able to read books, newspapers, and magazines, and whether he understood what he was doing. The defendant responded that he had completed the 12th grade, he was able to read, and that he understood. The trial judge then explained the range of sentences he could impose, the enhanced penalty upon a second conviction, and specifically asked defendant if he desired to waive each of the three constitutional rights stated in Boykin. The defendant responded that he desired to give up his rights and that he was in fact guilty.
A review of this plea transcript clearly shows that the defendant knowingly waived all of his constitutional rights and understood the consequences of his actions. We do not find any defect in the colloquy between the trial judge and the defendant, who was represented by counsel throughout the proceedings. Therefore, we cannot say that the trial court erred in using this conviction as a predicate offense.
Second Predicate Offense:
Another predicate offense used to enhance the present offenses was defendant's September 27, 1988 guilty plea to DWI-second offense. As proof of this conviction, the state filed into evidence a copy of the guilty plea transcript. The defendant contends that the trial court did not adequately explain that his privilege against self-incrimination would apply at trial as well as at the guilty plea proceeding.
In support of his argument, defendant relies upon State v. Martin, 382 So.2d 933 (La.1980), overruled on other grounds by State v. Williams, 392 So.2d 448 (La.1980). In that case, the accused was found guilty of being a convicted felon in possession of a firearm. The supreme court held that the defendant's prior guilty plea to simple burglary was invalid because the trial court did not explain that the right against self-incrimination applied at trial. Thus, the conviction could not be used as a predicate offense for the present crime. The trial court had mentioned the privilege against self-incrimination just once, and then only in the context of the guilty plea proceeding.
Although never expressly overruled on this point of law, Martin, supra, has been called into question and distinguished many times by the appellate courts of this state. In State v. Yarbrough, 418 So.2d 503 (La.1982), the supreme court stated that it was moving away from the rigid application of the rule in *611 Martin. In Yarbrough, supra, the advisement as to the defendant's right against self-incrimination was similar to that given in Martin. However, the court upheld the use of this predicate offense, stating that the record showed that the plea was "voluntarily and intelligently given and under the more recent decision of this court the defendant was adequately advised by the trial judge of the triad of rights he was waiving when the plea of guilty was entered." State v. Yarbrough, supra at 511, and case cited therein; See also, Justice Lemmon's dissent in State v. Robicheaux, 412 So.2d 1313 (La.1982); and State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.), writ denied, 512 So.2d 438 (La.1987).
Here, the circumstances of defendant's plea to the predicate offense can also be distinguished from Martin. In the prior proceeding, the following colloquy between the defendant and the trial judge occurred:
Q. And do you understand that by pleading guilty you waive or give up your right to remain silent, your privilege against selfincrimination, and, in fact, right now you are testifying against yourself and you are incriminating yourself as you plead guilty.
A. Yes, sir.
Although the trial judge did not specify in exact words that the right against self-incrimination applied to trial, he did not limit the right to the plea proceeding. The trial court was merely attempting to explain the right and how it applied to the defendant at that moment. Furthermore, the defendant told the trial court that his attorney had advised him of his constitutional rights and that he understood those rights. Defense counsel stated that he believed defendant understood his rights.
The defendant also contends that he was not individually informed of his constitutional rights. The district court mentioned having given an earlier general explanation of constitutional rights. However, the transcript reveals that the trial judge also informed the defendant individually of each constitutional right after confirming that he had heard the trial court's earlier explanation of those rights. Thus, the record reflects that the defendant was advised of his constitutional rights at least three times. After reviewing the transcript of the entire plea proceeding, we conclude that the defendant knowingly and intelligently waived his constitutional rights and voluntarily entered the plea of guilty. Compare State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir.1987).
Finally, the defendant contends that the district court did not explain the defendant's right to counsel. However, this right is not one of the three constitutional rights required under Boykin, supra and Jones, supra. The defendant has failed to list any support for his argument that this predicate offense should not be used because he was not advised of his right to have counsel when he entered his guilty plea. In fact, defendant was represented by counsel throughout the proceedings and had not given up this right. The record supports the trial court's use of this conviction as a predicate offense. This argument lacks merit.
Third Predicate Offense:
The final predicate convictions used to enhance the present offenses were defendant's May 20, 1991 guilty pleas to DWI-second and DWI-third. As evidence of these predicate offenses, the state introduced the bills of information, the court minutes, and the transcript of the guilty plea proceeding. The alleged errors in these guilty pleas are substantially the same as those we have previously discussed.
The defendant was represented by counsel at this guilty plea hearing. The trial court inquired about the defendant's education, his understanding of the English language, and his health. The district court informed the defendant about the penalties assigned to each subsequent offense of DWI. The record shows that the district judge adequately advised the defendant of his constitutional rights as required by Boykin and Jones. The defendant clearly stated that he wished to waive those rights and plead guilty. The defendant admitted the prior offense listed in the bills of information, as well as the two offenses then before the court. After reviewing the transcript of the entire guilty plea proceeding, we conclude that the defendant *612 knowingly and intelligently waived his constitutional rights and voluntarily entered his plea of guilty. Therefore, we cannot say that the trial court erred in using these convictions as predicate offenses. The assignment of error lacks merit.
In reviewing the record, we note that the trial court imposed a fine and ordered the defendant to pay costs. In default of payment, the trial court ordered defendant to serve six months concurrent with the sentences imposed. An indigent defendant may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Kerrigan, 27,846 (La.App.2d Cir. 4/3/96), 671 So.2d 1242. In one of the present consolidated cases, defendant was represented by the indigent defender's office. Thus, the trial court erred in imposing default time for failure to pay. However, the trial court suspended the provision ordering the defendant to pay the fines and costs, making further action unnecessary.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. We note that the trial court incorrectly informed the defendant that he had "three years from the date the sentence becomes effective within which to apply for post-conviction relief." The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922. We direct the trial court to send appropriate written notice to defendant within ten days of the rendition of this opinion and to file proof of defendant's receipt thereof in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
The defendant's convictions and sentences are affirmed.
AFFIRMED.