Ii WRIT GRANTED AND MADE PEREMPTORY.
The State seeks reversal of the trial court’s ruling on applicant’s motion to quash the use of her prior counseled conviction for DWI to. enhance her potential punishment on her current charge of DWI-3. Finding that the trial court erred, we grant the writ, make it peremptory, reverse and render and remand for further proceedings.
 A valid guilty plea to a felony charge requires a showing that the defendant was informed of and waived his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Monroe, 25,825 (La.App. 2d Cir. 3/30/94), 635 So.2d 481.
Further, for a guilty plea to a felony charge to be considered voluntarily and knowingly entered, the trial court should apprise a defendant of the possible sentence range for the offense to which he pleads guilty. State v. Garth, 622 So.2d 1189 (La. App. 2d Cir.1993).
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must have informed the defendant of his Boykin rights and must ascertain that the accused understood what the plea connotes “and its consequences.” State v. Jones, 404 So.2d 1192, 1196 (La.1981); State v. Lott, 29,082 (La.App. 2d Cir. 1/22/97), 688 So.2d 608, 610. The phrase “and its consequences” has been interpreted in felony cases to include the sentence exposure to which defendant is subjected by the guilty plea. State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987).
|2Whether the trial court’s failure to advise a defendant, represented by counsel and pleading guilty to misdemeanor DWI of the penalty range requires that that conviction be quashed for use as a predicate in a subsequent prosecution for DWI of a higher degree appears to be res nova.
The charge of DWI-1 is not complex. The extent of the advice and the consequences of a misdemeanor plea are less than that required of a felony plea. State v. Strain, 585 So.2d 540, 544 (La.1991).
Although the transcript of the challenged guilty plea shows the trial court did not advise the applicant of the sentence range for DWI-1 to which she was pleading guilty, applicant was advised of the consequences of the plea and of the penalties for DWI-2 and subsequent DWI convictions. Logic dictates that applicant knew the sentence she faced was either no more than or less than that which could be imposed for a subsequent conviction. Applicant was represented by counsel at the challenged guilty plea and made no objection to the sentence imposed.
Under these circumstances, we find that applicant was adequately advised of the consequences of her 1989 guilty plea conviction to DWI-1 which may be used as a predicate in subsequent prosecutions for DWI.
*138 DECREE
The ruling of the trial court is reversed and the motion to quash is denied.
REVERSED, RENDERED and REMANDED.