h PEATROSS, J.
On January 4,1999, Defendant, Brian V. Stewart, was charged by bill of information with driving while intoxicated-third offense (DWI-3rd). Following the denial of his motion to quash a prior guilty plea, Defendant, with retained counsel, entered a guilty plea to DWI-3rd, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to quash. Defendant was sentenced to 18 months at hard labor, with the last 12 months of the sentence suspended, and fined $2,000. Defendant appeals urging two assignments of error. For the reasons stated herein, we affirm.
FACTS
On October 25, 1998, David Bruce of the Louisiana State Police was traveling north on Louisiana Highway 165, north of Monroe, Louisiana. Trooper Bruce was behind Defendant’s vehicle and observed it cross the fog line. Immediately thereafter, Defendant turned right into a gas station. Trooper Bruce approached Defendant and asked him to step out of his vehicle. Trooper Bruce observed that Defendant was unsteady on his feet, smelled of alcohol and had bloodshot eyes.
Trooper Bruce advised Defendant of his Miranda rights and asked him to perform field sobriety tests to which Defendant complied. Defendant’s performance in the field sobriety tests was poor and he was arrested and transported to the Louisiana State Police Troop F Headquarters where he submitted to the Intoxilyzer 5000 test. The results were .177 percent blood alcohol content.[1]
On January 4, 1999, a bill of information was filed charging Defendant with DWI-3rd. The bill alleged a 1994 predicate offense and a 1997 predicate offense. On May 3, 1999, Defendant filed a motion to quash alleging that the 1994 guilty plea was defective. He contended that he was *396 not properly advised of the | ¡>,continuing nature of the following: 1) the right against self-incrimination; 2) the right to confront his accusers; and 3) the right to trial. No defects were alleged with regard to the 1997 guilty plea.
On May 3, 1999, Defendant’s motion to quash was orally denied in open court and he entered a guilty plea pursuant to Crosby, supra. Defendant was then sentenced to 18 months at hard labor, the first 6 months of which were imposed without benefit of parole, probation or suspension of sentence. The last 12 months of the sentence were suspended. In the event of default of payment of the fine imposed, Defendant was ordered to serve the 12 months. Defendant was given credit for time served and advised of his right to file for post-conviction relief.
DISCUSSION

Assignment of Error # 1: The trial court erred in denying Appellant’s Motion to Quash.

Assignment of Error #2: Appellant’s felony conviction for DWI 3rd offense is constitutionally infirm and must he vacated and set aside, along with its accompanying sentence, due to the use of an invalid predicate offense challenged by Appellant through the Motion to Quash mentioned herein above.
Defendant contends that his 1994 guilty plea was insufficient and cannot be used as a predicate offense because he did not receive an adequate explanation of his right against self-incrimination, his right to cross-examine and confront witnesses and his right to a trial. He further contends that the inadequate nature of the Boykin advisements prevented the State from establishing that he possessed a full understanding of the consequences of his plea because the trial court did not inform him that these rights would continue through trial.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemean- or into a felony, the trial judge must have informed the defendant that, by pleading guilty, he waived his privilege against compulsory self-incrimination, his right to trial and jury trial where it is applicable and his right to confront his [^accuser. The trial judge must have also ascertained that the accused understood what the plea connotes and its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 404 So.2d 1192 (La.1981).
The transcript of the 1994 guilty plea reveals that Defendant and two other individuals entered guilty pleas en masse. Prior to the entry of Defendant’s guilty plea, however, the trial court directed its attention specifically toward Defendant and obtained information from him. Defendant indicated that he was a 21-year-old full-time student at Northeast Louisiana University and worked in construction. He was represented by an attorney, Ross Downs, who was present for the guilty plea.
The trial judge informed Defendant that he was pleading guilty to DWI-lst offense. Defendant was informed by the trial court that he was not required to plead guilty and Defendant indicated that he understood. The Boykin colloquy was as follows:
By the trial court: Each of you are entitled to a trial before a judge either today or sometime in the future. And at that trial it would be the burden of proof for the government and the State to prove each element of the charge of DWI by proof beyond a reasonable doubt. By pleading guilty you are giving up your right to a trial, your right to remain silent, your right to confront your accusers, that would be the officers that affected [sic] your arrest in each case, the right to ask questions on cross-examination either personally in your case, Miss McCaa, *397 or through counsel in your case, Mr. Stewart and Mr. McKoin, of the officers as to the reason for the stop, as to how you performed on the field sobriety, as to the results of the chemical test if you took the test and any other circumstances which might bear upon your guilt of the charge of DWI. Do you understand these rights that you give up by pleading guilty?
By Miss McCaa: Yes, sir.
By Mr. Stewart: Yes, sir.
By the trial court: Mr. McKoin?
By Mr. McKoin: Yes, sir.
|4By the trial court: Do you understand that by pleading guilty you are giving up your right to remain silent and the right to call your own witnesses to testify? The right of compulsory process. Do you understand that, Miss McCaa?
By Miss McCaa: Yes, sir.
By Mr. Stewart: Yes, sir.
By the trial court: Mr. McKoin?
By Mr. McKoin: Yes, sir.
The trial court then questioned each of the three defendants about any promises that may have been made to encourage the entry of their guilty pleas. The defendants were then asked if they understood what the penalty was for DWI, to which Defendant replied in the affirmative. The trial court then informed all three of the defendants that the penalties associated with convictions for DWI-3rd or DWI-4th were more severe, meaning that by entering a guilty plea to the current offense they were exposing themselves to more severe penalties in the future. Last, the trial court accepted Defendant’s plea and recited a few facts concerning his case.
The supreme court recently held that the burden-shifting principles set forth in State v. Shelton, 621 So.2d 769 (La.1993), apply to the recidivist portions of the DWI statute, La. R.S. 14:98. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. In Carlos, supra, the court revisited its decision in Shelton, supra, stating:
In Shelton, this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. 621 So.2d at 779 (relying on Parke, 506 U.S. at 34, 113 S.Ct. at 525-26). Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions.... Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. Id. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant carries this burden, then Ifithe burden reverts to the State to prove the constitutionality of the plea. Id. The State will meet this burden by producing a “perfect” transcript of the guilty plea colloquy.... Anything less than a “perfect” transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. In Shelton, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which stated, inter alia, that the judge “gave the Defendant his rights.” Id. at 770, 780.[2]
In State v. Yarbrough, 418 So.2d 503 (La.1982), the supreme court pointed out *398 that the court had moved away from State v. Martin, 382 So.2d 933 (La.1980) [3], in which the failure of the trial court to specifically state that the Boykin trilogy of rights continues into trial, if so elected, invalidated the predicate offense. This court made the same observation in State v. Lott, 29,082 (La.App.2d Cir.1/22/97), 688 So.2d 608, writ denied, 97-0711 (La.9/26/97), 701 So.2d 979 and State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La. 1987). Although never expressly overruled on the point of law concerning the exact wording of Boykin advice, Martin, supra, has been called into question and distinguished many times by the appellate courts of this state. See State v. Gaar, 32,243 (La.App.2d Cir.8/18/99) 746 So.2d 41, and Lott, supra.
The court in Carlos, supra, further held:
We believe that these burden-shifting principles are logically applicable to the recidivist provisions of the DWI statute. The collateral attack on the prior guilty plea made by Carlos in the motion to quash is closely analogous to the recidivism proceeding at issue in Shelton. In both proceedings, the issue of the constitutionality vel non of prior convictions, which are questions of law for the Court to decide, were squarely placed before the Court in a proceeding separate from the fact questions. In the DWI context, we believe such pre-trial determinations allow for efficient disposal of questions that may impact the integrity of predicate offenses used for sentence enhancement, while giving due respect for final judgments that are owed a presumption of regularity. A Shelton hearing that tests the | invalidity of offenses sought to be used in multiple-offender DWI cases does not, however, remove the burden from the State to prove the existence of the conviction at trial. The State retains the burden at trial to prove the existence of the prior convictions and the defendant’s identity as the prior offender.
In Lott, supra, this court rejected an argument arising from a similar factual scenario as Defendant’s. Larry Lott asserted that the trial court did not adequately explain that the privilege against self-incrimination would apply at trial as well as at the guilty plea proceeding. Mr. Lott relied on Martin, supra, to support his position. In Lott, supra, the trial court, in the predicate plea, stated:
Q. And you understand that by pleading guilty you waive or give up your right to remain silent, your privilege against self-incrimination, and in fact, right now you are testifying against yourself and you are incriminating yourself as you plead guilty.
A. Yes, sir.
The court rejected Mr. Lott’s argument and found that the plea was valid. Mr. Lott had knowingly and intelligently waived his constitutional rights and entered a guilty plea. The advice in the instant case is very similar to the advice given in Lott, supra.
On this record, therefore, we find that the trial court correctly denied Defendant’s motion to quash. The 1994 guilty plea transcript reveals that Defendant was well educated and represented by counsel. He was advised of his Boykin rights: 1) the right to a trial[4]; 2) the right to remain silent; and 3) the right to confront his accusers, in a manner that indicated these rights were applicable through trial. The record shows that Defendant knowingly and intelligently waived his Boykin rights. Further, the trial court made other advise-ments and inquiries to help ensure that the plea was knowingly and voluntarily en *399 tered. Defendant’s assignments of error lack merit.
| .CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Brian V. Stewart, are hereby affirmed.
AFFIRMED.

. The police report indicates the result was .117g of blood alcohol, but the test result sheet indicates a blood alcohol content of • 177g.

. In Shelton, supra, a "perfect" transcript was defined as one that "reflects a voluntary, informed and articulated waiver of the three specific rights mentioned in Boykin." Carlos, supra.

. Martin, supra, was overruled by State v. Williams, 392 So.2d 448 (La.1980), on other grounds.

. Defendant was not entitled to a jury trial because he was charged with DWI-lst offense. See La.C.Cr.P. art. 779; La. R.S. 14:98; and State v. Franks, 31,641 (La.App.2d Cir.2/24/99), 730 So.2d 998.